ISRAEL REIFF *vs.* ANNA HORST and others.

*Appeal under Secs. 21 and 22 of Art. 5, of the Code—Inchoate
Right of Dower—Allowance to Wife in consideration of
having united with her husband in a Deed of Trust and
Mortgage.*

Where on a former appeal a cause had been remanded by this Court
to have an account reformed and re-stated, an appeal subsequently
prayed from an order of the Court below "ratifying an auditor's
account stated the 10th July, 1880, under an order of Court passed
the 7th June, 1880, and from all action had herein respecting the
said account and the distribution therein made, and all proceed-
ings subsequent to the remanding of the cause by the Court of
Appeals," was well taken under secs. 21 and 22, of Art. 5, of the
Code, as such prayer of appeal embraced an appeal from the order
of the Court below, whereby the exceptions to a former audit were
passed upon, and the audit stated in accordance with the appel-
lant's instructions was set aside, and the opinion of the Court
establishing the principles by which the audit was to be controlled,
and the question of right between the parties was settled; these
being proceedings had in the cause after it was remanded from
this Court.

The interest of the wife in her husband's real estate is inchoate only
during his life. It requires the husband's death to occur before it
becomes a vested right. The wife's inchoate right is not such a
right as may be bargained and sold. Her deed does not pass any
title. It operates only by way of estoppel or release, and any
words of release would be as effectual as words of grant. She can-
not convey it to a stranger. It is only released to the owner of the
fee. There is no scale or standard for ascertaining the present
worth of a wife's inchoate right of dower.

A deed from H. in which his wife united, conveyed all his property to
trustees for the benefit of his creditors. The deed provided for the
payment to the wife, in consideration of her uniting in the deed, of
one-twelfth of the gross proceeds of the sale of the real estate thereby
conveyed in trust, in lieu of her contingent right of dower therein.
The wife had previously united with H. in several mortgages of his

Reiff *vs.* Horst, *et al.*

real estate, one of them being to the same parties afterwards trustees in the deed of trust; there was, however, one piece of land not mortgaged which passed by the deed of trust. The grantees in the deed sold the property as therein provided. In the distribution of the proceeds of the real estate, it was HELD:

1st. That though the wife could not bind H's creditors (except such as were parties to the agreement,) to pay her from his estate, for her contingent right of dower, just such sum as she might have stipulated with H. and his trustees should be paid for uniting in the deed, and which was accordingly reserved therein; nevertheless, considering that the wife had barred herself in the larger part of the estate by uniting in the mortgages, and had united in the deed of trust, in the expectation of receiving an allowance from the whole estate, it was equitable she should receive the twelfth part of the proceeds of sale of the piece of land not mortgaged, after paying its proportion of the costs of the case, as an allowance to her for her release of expectant right of dower in that parcel.

2nd. That the wife should also be allowed the twelfth part of the sum awarded to the mortgage of the trustees, they being bound by the agreement contained in the deed of trust.

APPEAL from the Circuit Court for Washington County, in Equity.

The former appeal in these proceedings is reported in 52 *Md.*, 582. After the cause was remanded, the final report of sales made by Israel Reiff and John Horst, surviving trustees, was filed the 12th November, 1879, and on the 17th December, 1879, account No 2, mentioned in the report in 52 *Md.*, was re-stated, and also special auditor's accounts, as per the instructions of the solicitor of Reiff and Horst as creditors, were stated. To these accounts exceptions were filed by Anna Horst, and by Reiff and Horst, as creditors, and others. Finally on the 7th June, 1880, the Court, (MOTTER, J.,) ordered, upon consideration of the exceptions of Anna Horst, and of Reiff and Horst and others, to the audits, official and special, filed in the cause the 13th December, 1879, that the said audits, and each of them, be rejected, and the papers be remanded to

the auditor to state a new account and accounts, in conformity with the views of the Court's opinion, filed 7th June, 1880.

Whereupon on the 10th July, 1880, the auditor stated an account, which so far as the same concerns the present appeal, was as follows: He charged the trustees with the entire proceeds of the real estate sold by them, as per their final report filed the 12th November, 1879. He credited them with commissions—the same costs, expenses, &c., allowed in his official audit in the preceding account, as per order of the Court, and also with the costs of this account. He then allowed to Mrs. Anna Horst the one-twelfth of the gross proceeds of sale, as he considered it to be provided in the deed of trust. He then distributed the net residue of the proceeds of sale, interest thereon and proceeds of crops in the priorities allowed in his official audit, filed the 13th December, 1879. The result was, that after the allowance of the inchoate right of dower to Anna Horst, as in his opinion it was provided in the deed of trust, Mary W. Miller was paid her judgment in full, and a balance distributed to one Michael Horst, in part payment of his mortgage. The auditor did not follow strictly the order of the Court as to the manner of stating the account, but suggested that the result was the same as if the order had been literally pursued. He did not ascertain the amount to which Mary W. Miller was entitled under the decision of the Court of Appeals, allowing to Mrs. Horst only the value of her inchoate right of dower, instead of the one-twelfth of the gross proceeds of sale, because it was already ascertained, (as per preceding official audit,) that after allowing to her the value of her inchoate right of dower in the surplus remaining, after paying the mortgages in which she united, the judgment of Mary W. Miller was paid in full, and a balance was distributed to Michael Horst, the next lien holder, in part payment of his mortgage. The audi-

Reiff *vs.* Horst, *et al.*

tor reported that, if the first account, directed by the Court, was stated, Mary W. Miller was entitled to receive full payment of her judgment, free from the incumbrance of the inchoate right of dower of Anna Horst, an amount she would have been entitled to, if Anna Horst had not joined in the deed of July, 1876; and that it appeared, she received the same amount by this account, and from the second account directed by the Court.

The auditor further stated that, as he understood the opinion of the Court and its order, he was directed to allow one-twelfth of the gross proceeds of sale to Mrs. Horst, in lieu of her inchoate right of dower, reserved in the deed of trust, except in so far as Mary W. Miller was concerned; and that it was shown that her judgment was not affected by the claim for inchoate right of dower, there being sufficient funds to pay the same, after the allowance of inchoate dower in the surplus remaining after payment of mortgages in which Mrs. Horst united.

This account was finally ratified by order of Court, passed the 26th July, 1880. On the 9th September, 1880, Israel Reiff prayed an appeal in the manner and form set forth in the opinion of this Court.

The cause was submitted for the appellant, and argued for the appellees, before BARTOL, C. J., BOWIE, MILLER, ALVEY and IRVING, J.

*Albert Small,* for the appellant.

*T. H. Edwards,* for the appellees.

IRVING, J., delivered the opinion of the Court.

The motion to dismiss this appeal cannot prevail. By section 22 of Article 5 of the Code of Public General Laws, it is provided, that "on an appeal from a final order all previous orders which may have passed in the cause shall be open for revision in the Court of Appeals, unless an

appeal under the next preceding section may have been previously taken to such order." In the 21st section, which is "the next preceding section" referred to, one of the things from which an appeal may be taken and for which that section provides, is "an order determining a question of right between the parties, and directing an *account to be stated* on the principle of such determination." The prayer for appeal in this case is not only from the order of ratification of the auditor's account stated July 10th, 1880, under the order of the Court, passed June 7th, 1880, but also "from all action had herein respecting the said account and the distributions therein made, and all proceedings subsequent to the remanding of the cause by the Court of Appeals of Maryland." This prayer of appeal therefore by its express terms is sufficient to embrace an appeal from the order of the Court, whereby the exceptions to the former audit were passed upon, and the audit stated in accordance with the instructions of the appellant's counsel was set aside, and the opinion of the Court establishing the principles by which the audit was to be controlled and the question of right between the parties was settled. All these were proceedings had in the cause after the same was remanded from this Court on the former appeal. In disposing of the questions raised on the other audits, the Court determined the question adverse to the view of the appellant, and by its order directed an account to be stated, in accordance with the principle so fixed by the Court. Under such circumstances therefore it was not indispensable to the consideration of the objection now made to this audit, which has been finally ratified, that a formal exception should have been made thereto. The audit appears to have been made in pursuance of an order directing its mode of statement, which order was the determination of a question already before the Court, and was the subject of appeal, and is, by the prayer of appeal, appealed from. In our opinion

therefore there is no ground for dismissing the appeal.
The only question made and relied on by the appellant
is, that in the order directing the account to be stated, and
in the account accordingly stated, Mrs. Horst has been
allowed a sum in lieu of her inchoate right of dower in the
property sold and being distributed, which was not war-
ranted by the principles established by this Court on the
former appeal, and which was directed by the opinion
remanding the cause to be observed in the statement of
the account. The interest of the wife in her husband's
real estate is *inchoate only* during his life, it requires the
husband's death to occur before it becomes a vested right.
As this Court defines it in *Buchanan vs. Deshon*, 1 *H. &
Gill*, 280, "she has no vested right, it is altogether
contingent, depending upon her surviving her husband."
In *Hawley vs. Bradford*, 9 *Paige*, 201, the Chancellor
says: "Strictly speaking, the wife has no interest or
estate in the lands of her husband *during his life*, which
is capable of being mortgaged or pledged for the pay-
ment of his debt. Her joining in a mortgage therefore
merely operates by way of release or extinguishment
of her future dower as against the *mortgagor*, if she
survives her husband, but without impairing her con-
tingent right of dower in the equity of redemption. If
the mortgage be foreclosed in the life-time of the hus-
band, she has no claim on the surplus proceeds of sale;
but if her husband be dead when foreclosure takes place
her dower right in the equity of redemption having then
become consummate, she would be endowed of the surplus
proceeds." 1 *Scribner on Dower*, 478; 5 *Johnson's Ch.
Rep.*, 452. In the last cited case, Chancellor KENT says, it
is very clear this is the law. It results from these author-
ities that the wife's inchoate right is not such a right as may
be bargained and sold. Her deed does not pass any title.
It operates only by way of estoppel or release. And any
words of release would be as effectual as words of grant.

She cannot convey it to a stranger. It is only released to the owner of the fee. 1 *Washburn on Real Estate,* 247 and 301, and the authorities there cited. The decision of this case on the former appeal, was not intended to conflict with these well established principles; nor, as the opinion in that case was intended to be understood, does it establish for the settlement of the equities in this case any rule not in harmony with those principles. This Court decided that having united in the several mortgages mentioned in the record, she had released her interest in the lands conveyed by these mortgages, and was therefore against the mortgagees and judgment creditors, entitled to no allowance except as against the appellants Reiff and Horst. They were held to have waived their mortgage by the acceptance of the deed of trust, by the terms of which they were bound, and Mrs. Horst was entitled as against them in equity to the one-twelfth of the sum allowed them for their mortgage claim. This allowance to her was regarded by the Court as a consideration which they agreed should be paid to her for signing that deed. So far as Mary W. Miller and all other persons having claims in like condition, (regarding Mrs. Miller as a representative creditor,) it was held that so far as they had claims which could be enforced as liens on the lands which were mortgaged, and in which mortgages Mrs. Horst had joined, those claims would not be affected by any supposed right of Mrs. Horst in lieu of inchoate dower. There was however one piece of land not covered by any mortgage which did pass by the deed of trust, in which the reservation of one-twelfth of the proceeds was made to Mrs. Horst; and this Court thought that inasmuch as Mrs. Horst had manifestly joined in that deed under the supposition that she would receive compensation for so doing, according to the terms fixed by the deed, it was equitable not to hold her to the consequences of signing that deed without doing equity by her according to some fair rule. Regarding

her right, as the law does, during the husband's life, as having no present value, as it is not the subject of sale, but only of release to the owner of the fee, we have no scale or standard for ascertaining its present worth.   As a rule a wife could not be held as binding the creditors of her husband to pay her from his estate, for her contingent right of dower, just such sum as she may have stipulated with her husband or his trustees should be paid for uniting in the deed, and which was accordingly reserved in the deed; and we repeat what was said in the former opinion delivered in this case, that to so hold " would be opening a wide door to abuse, if not fraud." It is very certain that only such creditors as might be parties to the agreement ought to be bound by it, under ordinary circumstances.   In this case however, looking to its peculiar circumstances, wherein the wife had barred herself in the larger part of the estate by joining in the mortgages, and had finally united in the deed of trust, with manifest expectation that she was to receive an allowance from the whole estate; and considering the very small value of the parcel which alone is subject to the charge, we think the twelfth part of the proceeds of sale of that parcel, after paying its proportion of the costs of the case, would not be an unreasonable allowance to her as a *consideration* for her release of expectant right in that parcel.   Though not the subject of grant, her right, peculiar as is its character, is the subject of contract for release.   The parcel, which was not included in any of the mortgages, and which was intended by the former opinion and decision to be charged with allowance to her, and which is now directed to be so charged, is that piece of mountain land purchased by Mrs. Horst, and is so designated by the auditor in the first audit contained in the record considered by this Court on the former appeal.   Viewing the auditor's report, made and stated in accordance with the opinion and direction of the Court below, in the light of the principles herein

Reiff *vs.* Horst, *et al.*

announced, it is very evident that the learned Judge did not clearly apprehend the meaning of this Court in its former opinion on the subject. ·In that audit Mrs. Horst is allowed the one-twelfth part of the proceeds of sale, amounting to the sum of $1702.90; whereas, according to the true construction of the opinion, and the law of the case, she should only have been allowed the one-twelfth part of the sum awarded to the mortgage of Cearfoss, Reiff and Horst; and the additional sum of one-twelfth of the net proceeds of sale of the piece of mountain land not embraced in any of the mortgages signed by her. There being no other matter before us on this appeal except the allowance to Mrs. Horst, the order ratifying the audit will not be disturbed in any particulars except those specified in this opinion. The order ratifying the audit will be reversed, and the cause will be remanded, to the end that the audit may be corrected in accordance with the directions of this opinion; and that so much of the money erroneously allowed to Mrs. Horst, in that audit, may be awarded to the claimants who would and should have taken it, if the error had not been committed.

*Order reversed with costs,*
*and cause remanded.*