# CHARLESTON.

REYNOLDS v. WHITESCARVER *et al.*

Submitted September 4, 1908.    Decided December 7, 1909.

1.  DOWER——*Rights of Widow.*
    A widow is dowable in all the real estate of which the husband, at any time during the coverture, was seized of an estate of inheritance, without regard to whether or not she can make beneficial use of her dower estate.   (p. 391).

2.  SAME—*Estoppel to Claim Rights of Widow.*
    If a wife sign and acknowledge a trust deed executed by her husband, conveying his land to secure some of his creditors to the prejudice of others, which trust deed is void as to such preference by reason of the statute and the husband's insolvency, she is not thereby estopped from claiming dower in the surplus proceeds of sale of the lands and unopened coal veins underlying the same, over the amount necessary to pay the debts expressly secured by the trust deed. Section 2, chapter 74, Code, does not enlarge the scope of such trust deed beyond its

expressed purpose to the detriment of the wife's right to dower. (p. 390).

(ROBINSON, JUDGE, absent.)

Appeal from Circuit Court, Taylor County.

Bill by Rebecca Reynolds against John T. Whitescarver and others. Decree for defendants, and plaintiff appeals.

*Reversed and Remanded.*

*W. R. D. Dent* for appellant.

*Dent & Dent,* for appellees.    *Wm. E. Walsh,* for appellee Maryland Coal Co.

WILLIAMS, JUDGE:

Rebecca Reynolds, widow of John T. Reynolds, deceased, brought her suit in equity in the circuit court of Taylor county to recover her dower in the proceeds of lands which had been sold under decree of court to pay her husband's debts. On the 5th of April, 1906, the cause was heard upon the pleadings; and upon such hearing, her bill was dismissed. From this decree she has appealed.

The facts, as they appear from the pleadings, are as follows: Husband of plaintiff was seized, during coverture, of four hundred and sixty-three acres of land. In a suit by Moran against Pruntytown Oak Harness Company and others, this land was sold to pay the debts of the husband, and was not sufficient to pay all the debts. Pending that suit the husband died, but his widow was not made a party. The land was divided into parcels, the coal severed from the surface, and sold in separate parts. John T. Whitescarver purchased 87 acres at the price of $3,-750.00; Annie Boyers 147 acres at the price of $4,000.00; Geo. W. Reynolds 236 acres at the price of $8,025.00; and John T. McGraw purchased the coal, 114 acres, underlying said land, and mining rights, at the price of $8,000.00. The only contest now is as to plaintiff's right to dower in the 87 acres bought by Whitescarver and in the coal purchased by McGraw and afterwards conveyed by him to the Maryland Coal Company. The bill alleges that settlement has been .made with the purchasers of the other tracts.

Before the suit was brought to sell the land John T. Rey-

nolds had given two deeds of trust on it to secure two debts aggregating $10,977.91. Plaintiff had joined in the execution of these trust deeds. The proceeds of the sales of the several parcels of land, and coal, aggregated $23,775.00, which was not enough to pay all the debts. The bill alleges that, after charging against this sum the costs of suit and expenses of sale, there was a surplus of $11,424.09 over the amount of the debts named in the deeds of trust; and it is in this surplus that plaintiff claims dower. The answer of Whitescarver denies that there is so much surplus and alleges that it does not exceed $5,000.00 The admission, however, that there is a surplus enables us to settle the principles of the cause; and the exact amount of the surplus can be later determined by the lower court. There is nothing in the record here by which we can determine it. But it clearly appears that there is a large surplus over and above the amount necessary to pay the debts expressly secured by the two deeds of trust.

At the time one of said trust deeds was given the husband was insolvent; and, by virtue of section 2, chapter 74, Code, the court held that deed of trust void as to the preference attempted to be created by it, and held it to have been given for the benefit of all of his creditors *pro rata*. Counsel for appellees insist that because the wife signed and acknowledged this trust deed, she thereby released her right to dower, not only in so much of the land as was necessary to pay the debts expressly secured, but in all the land, because it did not bring enough to pay all the debts. We do not think the statute above referred to should be so construed as to deny the wife the right of dower in the surplus proceeds of the land over and above the amount necessary to pay the debts which the trust deeds were originally designed to secure. The purpose of this statute is to prevent an insolvent debtor from preferring one, or more, of his creditors to the detriment of others. It affects the intention only of the insolvent grantor, and operates to change his purpose by ascribing to the trust a different and a wider scope than the debtor designed it to have; the estate attempted to be conveyed is permitted to pass by the trust deed, but the trust is changed; it is declared to be for the benefit of all creditors instead of for the persons only attempted to be preferred. No reference whatever is made in the statute to

the dower right of the wife, and there is. clearly no intention.
shown by the act to take from her any of her pre-existing
marital rights.    The wife, by signing and acknowledging a
deed of trust conveying her husband's lands, grants nothing,
because she has no estate which could be granted. She is in no
sense a grantor in such a trust deed; the signing and acknowl-
edging by her is not to effect a grant by her of any estate,
because she has no estate that can be the subject of a grant.
*Thornburg* v. *Thornburg*, 18 W. Va. 522; *Nickell* v. *Tom-
linson*, 27 'W. Va. 697; *George* v. *Hess*, 48 W. Va. 534.    Her·.
deed is simply a release of an inchoate right; it operates on
her by way of estoppel.    At common law a wife could not
release her inchoate dower right by deed; and it is only by
virtue of the statute that she can now do so.    Plaintiff was in
no sense a grantor with her insolvent husband; no transfer of,
or charge upon, the land was made by her deed, and her dower
right in the lands of her insolvent husband is in no way cur-
tailed by section 2, chapter 74, Code.    ,It is true that, the wife's
right to dower, being only an inchoate right, not a vested es-
tate or interest, the legislature has power to modify it, or even
to take it away without violating the constitution.    See cases
above cited.    But there is nothing in section 2, chapter 74,
Code, from which it can even be inferred that the legislature
intended to curtail the wife's right of dower; and section 3,
chapter 65, 'Code, gives her dower in the surplus proceeds of
sale of her husband's lands, remaining after a satisfaction of
the liens secured by any deed of trust given by the husband,
which she may have signed and acknowledged.    *Holden* v. *Bog-
gess*, 20 W. Va. 62; *Martin* v. *Smith*, 25 W. Va. 579.

ıCounsel for the Maryland Coal Company insist that, as the coal
purchased by it was in a state of nature, no mines being
opened on it at the time it was sold, and none being opened
since, the wife is not dowable in it in kind; and, not being
dowable of the coal in kind, she can not have dower in the
surplus proceeds derived from its sale.    This is not tenable.
The wife's right to dower does not depend upon the kind, or
character, of the real estate of which the husband happened
to be seized in fee during coverture.    Section 1, chapter 65,
Code, says she shall be endowed of "one-third of all the hus-

band's real estate." Coal is as much real estate as the surface of the land, and remains so until it is severed from the realty. This Court has decided that oil in place is a part of the realty, a part of the land. So also is coal a part of the land. *Haskell* v. *Sutton,* 53 W. Va. 206. There is no question but that the term "real estate" includes lands, and all that is comprehended by the word land. Clause 15, section 17, chapter 13, Code, makes the words "land," "real estate," and "real property," synonymous terms, and makes them to include "tenements and *heredilaments* and all rights thereto and interest therein except chattel interests." Coal in place is, therefore, real estate within the meaning of the statute giving the wife dower in all her husband's real estate of which he was seized in fee at any time during coverture.

It is argued that, because the wife can receive no benefit from dower assigned to her in an unopened seam of coal, she is not dowable in it; and that, not being dowable in such coal in kind, she is not dowable in the proceeds derived from the sale of it. But her right to dower is not made to depend upon the use she may be permitted to make of the real estate; it depends only on the fact that it is "real estate;" and even though she may not be able to make any beneficial use of it, whatever, and even though the taxes may be a burden to her, still she is entitled to dower; and being entitled to dower in the unopened seam of coal, simply because it is real estate, she is entitled to dower in the surplus proceeds derived from its sale.

Plaintiff is entitled to recover dower in the surplus proceeds of sale over the debts expressly named in the two trust deeds which she signed and acknowledged, after the payment of costs of the suit in which the land was sold, and expenses of sale.

The decree of the circuit court of Taylor county, pronounced on the 5th of April, 1906, dismissing plaintiff's bill, will be reversed, and the cause will be reinstated and remanded for further proceedings according to the principles herein stated, and further according to the principles governing courts of equity.

*Reversed and Remanded.*

BRANNON, JUDGE, (*dissenting in part*) :

I agree to the matter decided by the decree. I do not agree to the proposition that a widow may be endowed of coal in place. Of course, if the husband owned the *corpus* including coal, when her dower is assigned, the surface included coal; but she cannot work the coal by mines made by herself. If mines had been opened in her husband's life, or by heirs before assignment of dowery, she would be dowable of them. But suppose the husband died owning only the coal. Is she dowable of that? I say no. What good would it do her? She could work mines opened in her husband's life; but she could not for the first time open them. As far back as Bracton he stated the principle as regulating dower that a widow cannot claim a thing in dower, unless she may use and enjoy it "*sine vasto, exilio et destructione,*" without waste, expulsion (forfeiture) and destruction. Scribner on Dower 206; 2 Minor's Inst. 128. I agree to the widow's participation in the *money* surplus because she united in deeds of trust having priority over her, and she is dowable of the money surplus by force of our statute. Donahue Oil & Gas, 64; *Ohio Oil Co.* v. *Indiana,* 177 U. S. 190.