# 𝔖taunton

VIOLET V. TURNER v. HEYWOOD TURNER AND
JESSE C. TURNER.

September 11, 1946.

Record No. 3096.

Present, All the Justices.

The opinion states the case.

*George H. Marshall* and *W. M. Mitchell*, for the appellant.

*W. R. Broaddus, Jr.*, for the appellees.

GREGORY, J., delivered the opinion of the court.

The question to be decided upon this appeal is whether or not the wife of one joint tenant is a necessary or proper party defendant to a suit for partition instituted against him by the other joint tenant.

A suit in chancery was instituted by Heywood Turner against Jesse C. Turner, for the purpose of partitioning 275 acres of land which they own equally as joint tenants. They are brothers. James C. Turner is a married man but his wife, Violet V. Turner, was not made a party defendant.

In the bill of complaint is this allegation.

"Your complainant and the said respondent are the co-owners, in fee simple, of said property and the object of this suit is to procure a partition thereof in some method prescribed by law; and that your complainant believes and alleges that because of the location and situation of said real estate the same cannot be equitably divided in kind between your complainant and the said respondent, and that neither your complainant nor the said respondent is willing to take said property at its value and pay to the other co-owner the value of his respective share because of the fact .that your complainant and the said respondent cannot agree between themselves as to the present value of said real estate, and your complainant does allege that it is to the advantage and interest of all parties concerned that said property be sold as a whole in order to effect a partition and the proceeds of sale be divided by the court between the owners thereof according to their respective rights in said tracts of land."

The prayer of the bill is that partition of the said real estate may be decreed in some manner prescribed by the statute, preferably by a sale of the whole thereof, and a division of the proceeds amongst the owners according to their interests.

The defendant has filed no answer but his wife, Violet V. Turner, filed a petition in said suit in which she charged

collusion between her husband and his brother; that the purpose of the suit is to defeat her contingent dower right in the property of her husband. She alleges in her petition that the 275 acres of land can be equally divided between the two brothers and that there is no necessity for a partition sale. She also alleges that unless she is allowed to become a party defendant her counsel will not be allowed to produce evidence tending to show that the land can be divided in kind.

The chancellor entered a decree refusing to admit her as a party defendant, and it is from that decree this appeal was awarded.

One joint tenant's right in the joint estate is superior to the contingent or inchoate dower of the wife of the other joint tenant. Joint tenants are seized *per mi et per tout,*—that is, each of them has the entire possession of his part as well as of the whole. One of them has not a seizin of one-half and the other the remaining half. Neither can one be exclusively seized of one acre and the other of another acre. Each has an undivided moiety of the whole, not the whole of an undivided moiety. The possession and seizin of one joint tenant is the possession and seizin of the other. *Patton* v. *Hoge,* 22 Gratt. (63 Va.) 443-450; *McNeeley* v. *South Penn Oil Co.,* 52 W. Va. 616, 44 S. E. 508, 62 L. R. A. 562, and *Reed* v. *Bachman,* 61 W. Va. 452, 57 S. E. 769, 123 Am. St. Rep. 996.

At common law the doctrine of survivorship applied to joint tenants. When one died the survivor became the owner of the interest of his former joint tenant. But in Virginia that doctrine has been abolished. Code, sec. 5159 (Michie), (sec. 2430 of the Code of 1887, and page 560 of the Code of 1860.) (See exceptions in sec. 5160.) At common law there was no dower right contingent or consummate in the joint estate of joint tenants. The entire estate passed to the survivor, cutting off the heirs, devisees, and the widow of a deceased joint tenant. Minor on Real Property, 2d Ed., Ribble, Vol. 1, sec. 258.

In Virginia the right of survivorship between joint

tenants having been abolished, the *widow* of a joint tenant takes dower in such joint estate held by her deceased husband provided the other requisites appear. In such cases dower will be assigned her "undividedly with the cotenants, the widow becoming herself a tenant in common with them. But any of the cotenants, including the dowress, though she is only tenant for life, may then demand a partition so as to hold in severalty." Minor on Real Property, 2d Ed., Ribble, Vol. 1, sec. 258.

At common law there was a distinction in cases of tenants in common or in coparcenary and joint tenants. In the former tenancies the widow was entitled to dower, while in the latter (joint tenancies) she was not. *Dudley* v. *Tyson*, 167 N. C. 67, 82 S. E. 1025.

In 28 C. J. S., Dower, sec. 18, the author explains the distinction: "Sole seizin is required at common law for dower to attach. There can be no common law dower in estates held by the husband as a joint tenant. The mere possibility of the estate being defeated by survivorship prevents any dower from attaching. In cases of tenants in common, however, each cotenant is seized of a separate freehold estate * * * hence it is usually held that a wife is entitled to dower in estates held by her husband as a tenant in common * * * ".

The legislature, by the language used in the statute (Code, sec. 5159), abolishing survivorship, intended dower to attach to the fee simple interest of joint tenants provided the other essentials are established. That language is:

"When any joint tenant shall die before or after the vesting of the estate, whether the estate be real or personal, or whether partition could have been compelled or not, his part shall descend to his heirs or pass by devise or go to his personal representative, subject to debts, curtesy, dower or distribution, as if he had been a tenant in common * * * ".

The words, "subject to the debts, curtesy, dower or distribution, as if he had been a tenant in common", are very significant. At common law, as we have seen, there was dower in estates held by tenants in common because each

held a separate freehold estate, but there was no dower in the estates of joint tenants. It appears, therefore, that the legislature intended by that statute (5159) to place joint tenants, in so far as dower and curtesy are concerned, in the same situation as tenants in common.

It cannot be doubted that an inchoate or contingent right of dower is a valid right or interest. See 28 C. J. S., Dower, sec. 42. But it emanates from and is solely dependent upon the beneficial ownership of the husband. The right of dower is consummated and raised to the dignity of an estate in land by the death of the husband. Before then and while coverture continues, the wife's right of dower is merely inchoate; it is a contingent possibility and not a vested right. Minor on Real Property (Ribble), 2d Ed., Vol. 1, sec. 282. She has neither an estate nor a right of action. *Corr* v. *Porter*, 33 Gratt. (74 Va.) 278.

In Virginia the General Assembly has from time to time recognized that inchoate dower is a right. See Code, secs. 5135, 5211, 5338, 5346, and chapter 331 of the Acts of 1946, pp. 552-558, which amends secs. 5131-32-33. In fact, under sec. 5346, where there is an insane wife whose consort owns realty and who desires to sell or encumber it, provision is made, in case of sale, for giving her the same interest in the purchase money as she had in the land.

While in Virginia we have recognized that contingent dower in a husband's real estate is a right, yet the legislature, prior to the 1946 session (Acts 1946, pp. 552-558), had provided no formula for evaluating it. Our commutation or annuity statutes, Code, secs. 5131-33, inclusive, embrace tenants for life, by curtesy and by dower. They do not consider a contingent dower or curtesy interest of the wife or husband and do not purport to lay down any rule to evaluate that interest. There have been tables worked out for that purpose, and the courts have from time to time used them. See table appended to *Wilson* v. *Davisson* (1843), 2 Rob. (41 Va.) 384, at page 417; 3d Va. Law Register, (1897-98), pp. 69-80, inclusive; Vol. 4, Quarterly Law Journal (1859), p. 11, and *Strayer* v. *Long*, 86 Va. 557, 10 S. E.

574. But until the session of 1946 there had been no legislative sanction of those tables. (See chap. 331 of the Acts of 1946, pp. 552-558.)

The General Assembly may alter or abolish the contingent right of dower without doing violence to either the State or Federal Constitutions because it is not a vested right. *Thornburg* v. *Thornburg*, 18 W. Va. 522; *Reynolds* v. *Whitescarver*, 66 W. Va. 388, 66 S. E. 518.

In 16 C. J. S., Constitutional Law, sec. 227b, it is said: "Generally a married woman's right to dower in her husband's real estate is not a vested right prior to the death of her husband." It may be abridged or taken away by statute at any time before the husband's death. Before that time it is subject to the will of the legislature. At his death, if the other essentials are present, dower becomes a vested right. As long as the estate is held by joint tenants it is obvious that the wife cannot compel partition. She has no right of action.

The legislature exercised its will in the enactment of Code, sec. 5281. By that statute the contingent right of dower was modified to the extent that if the lands of joint tenants are sold in lieu of parition in kind, the wife's inchoate dower in her husband's portion is wiped out. The pertinent portion of section 5281 follows:

"A sale of land so made by order of the court shall operate to bar the contingent right of dower of the wife in the share of her husband in the land so sold, and to bar the right of curtesy of the husband in the share of his wife in the land so sold, whether said wife in the first instance, or the husband in the second instance, be made party to the suit or not."

And another portion of the statute which is pertinent here reads thus:

" * * * and make distribution of the proceeds of sale according to the respective rights of those entitled, taking care, when there are creditors of any deceased person who was a tenant in common, joint tenant or coparcener, to have the proceeds of such deceased person's part applied

according to the rights of such creditors. And when there are liens by judgment or otherwise on the interest of any party, the court may, on the petition of any person holding a lien, ascertain the liens, and apply the dividend of such party in proceeds of sale to the discharge thereof, so far as the same may be necessary."

From the quoted portion of the statute it is seen that it, in express terms, takes care of lien creditors in the distribution of the proceeds in case of a partition sale, but significantly fails to preserve the widow's inchoate dower right. On the other hand, in the first quotation it expressly bars her inchoate dower and thereby eliminates the necessity of making her a party to the suit.

In Equity Pleading and Practice, Lile, Section 384, the distinguished author has this to say:

"On similar principles it would seem that the consort of a co-tenant should be made a party, so as to bar the contingent marital right. But it appears to be a settled principle that where the statute permits a sale for partition, the contingent marital interests of dower and curtesy, *by mere force of the statute*, are divested by the sale, even though the consort be not a party to the proceeding—and as to the wife's contingent right of dower, the rule is made statutory in Virginia."

In Minor on Real Property, 2d Ed., Ribble, Vol. 1, section 258, this is said:

"If the husband be a cotenant, and upon a partition suit a decree be made in his lifetime for the sale of the land for the purposes of partition, there is a difference of opinion as to whether the wife, not having been made a party to the suit, is divested of her dower by the decree and sale as against the purchaser at the sale. The better view, even independently of statute, is that her dower rights are divested. But in Virginia all doubt upon this point has been removed by statute providing that 'a sale of land so made by order of the court shall operate to extinguish the contingent right of dower of the wife in the share of her husband in the land so sold, and to extinguish the con-

tingent right of curtesy of the husband in the share of his wife in the land so sold, whether such wife or husband, as the case may be, be made a party to the suit or not.' "

These eminent authors support their respective texts by numerous authorities. See also, Digest of Va. and W. Va. Reports (Michie), Vol. 3, p. 883, and Vol. 7, p. 980.

This court has no power to make a law that would protect the wife in the face of a valid legislative Act which strips her of her contingent dower. Partition sale, under sec. 5281, bars inchoate dower, just as divorce (Code, sec. 5111), desertion (Code, sec. 5123), and jointure (Code, sec. 5120). We have no more power to reinvest the wife with contingent dower in the proceeds of partition sale than we would have to so reinvest her where it is barred by divorce, desertion or jointure. Of course, if there is a partition in kind the inchoate dower of the wife immediately attaches to the portion laid off to her husband.

Even in the absence of a statute such as section 5281, the majority rule throughout the United States is that the wife of a joint owner of realty having a contingent dower interest therein is not a necessary or proper party to a suit for partition. 17 Am. Jur., Dower, section 90; 40 Am. Jur., Partition, section 67.

This rule is based upon the broad ground that inasmuch as the husband acquired title as a joint tenant or tenant in common such title is subject to the paramount right of his co-owners to demand partition. Therefore, the wife's contingent dower is subject to be defeated by a partition sale, although she is not a party to the proceedings.

In Thompson on Real Property, Vol. 2, sec. 901, after stating that the wife's inchoate dower in land is destroyed when the land is taken by eminent domain, the author states, in section 902:

"The destruction or termination of the husband's estate works a destruction or termination of the wife's right of dower * * * . Thus it is held that a wife's inchoate dower in the lands of her husband held by him as tenant in common

with others is divested by a sale in partition proceedings to which she is not made a party. * * * "

In *Hazelbaker* v. *Reber*, 123 Kan. 131, 254 P. 407, is this clear statement:

"Aided by the foregoing considerations, two obvious propositions of law convince us that spouses of living tenants in common are not necessary parties to proceedings in partition: (1) The inchoate right of the spouse of a cotenant of realty is dependent upon the right of the cotenant, and the cotenant's right is subordinate to the paramount right of any and all concerned in the property to subject it to proceedings in partition; and (2) there is not a single thing that the spouse could plead, say, or do, if made a party, which would halt or impede the paramount right of the other tenants in common or parties holding legal or equitable claims thereto to have the partition proceedings prosecuted to a finality as the statute directs. Nor would the presence or absence of the spouses as parties to the action alter, modify, or affect in the slightest degree the nature of the judgment to be entered, nor the incidents and consequences pertaining thereto."

However, there is respectable authority, a minority, for the other view where there is no such statute as the one we have in Virginia. For instance, in 28 C. J. S., Dower, section 64, after stating the general rule that the wife is not a necessary party to the partition proceedings, this is said:

"However, the wife's dower right will not be affected by a partition proceeding brought by the husband or his grantee, particularly where the wife is not made a party to the proceeding, and the courts should refuse to allow collusive requests for partition as well as where the sole purpose is to deprive the wife of dower. In some jurisdictions a sale in partition will defeat dower only if the wife is a party to the proceedings * * * ."

And in Thompson on Real Property, Vol. 4, section 1998, "The wife of a tenant in common is not a necessary party to a suit for partition since her inchoate dower rights are subject to the liability of her husband's seizin to be lost

by partition sale, but if partition is to be made by sale against the proceeds of which the wife cannot have her dower rights secured, she should be a party so that she may urge partition in kind. * * * * "

But, as we have already seen, in Virginia the matter is settled by our statute. The wife having no right to ask for partition she would be in no position to resist it. She has no right of action or vested interest and no reason appears for making her a party. In the case at bar the court may divide the land in kind, in which event she will not lose her dower right for it will immediately attach to the portion assigned her husband. We certainly cannot prejudge the case and announce that there will be a sale in lieu of partition in kind.

We hold that Mrs. Violet V. Turner is not a necessary or proper party in this proceeding under our statute, section 5281, and therefore the decree should be affirmed.

*Affirmed.*