## CIRCUIT COURT OF BALTIMORE CITY.

Filed January 6, 1925.

### MAUDE A. MUMMA
### VS.
### GEORGE P. MAHONEY.

*T. Lyde Mason, Jr.*, for complainant.
*James M. Roche* for respondent.

STEIN, J.—

The plaintiff in this case is a young married woman, living with and supported by her husband; the husband, his brother and sister, as tenants in common, are seized of the fee-simple estate on a truck farm in the recently annexed part of Baltimore City.

The husband with his co-owners, under their hands and seals, at a named monthly rent, for a term of three years, leased to the defendant the right to remove from said premises, sand and gravel in unlimited quantities.

The plaintiff, who did not sign the lease, by this bill seeks to have the defendant enjoined from exercising his rights thereunder; because she alleges that his taking sand and gravel from the demised premises would injure

permanently her potential right of dower in her husband's undivided interest in the demised premises, as tenant in common.

The right of an inchoate dowress to an injunction in such a case has never been passed on by the Court of Appeals of Maryland. Counsel referred to two cases in other States in which it was passed upon; in one, Rumsey vs. Sullivan, 166 N. Y. Appeal Division, 246, the right was denied; in the other, Brown vs. Brown, 94 South Carolina, 492, etc., the right was allowed. This decision was based upon the doctrine, usually stated in vague and general terms, that "The wife's potential right of dower will be protected by a court of equity."

This decision, against the great weight of authority, does not recognize, that the protection given by a court of equity to an inchoate dowress, "Is to restrain or set aside conveyances fraudulently made by a husband to defeat such right."

The text book writers almost a unit hold that "Though the right of dower, while inchoate, will be protected, she (the wife) is not at this stage (during the life of her husband) entitled to bring suit to protect her enjoyment of such right or *to prevent waste by the husband or other persons* or to obtain possession from a person wrongfully in possession."

1 Reeves Real Property, Sec. 465, pp. 661-663.

2 Schouler Domestic Relations, Sec. 1414, p. 1616.

2 Virginia Law Review, 462-463.

19 C. J., Sec. 108, p. 495, Note 4.

In Reiff vs. Horst, 55 Md. 42, at 47, 48 and 49, in speaking of this inchoate right of dower, the Court of Appeals said:

"She (the wife) has no vested right; it is altogether contingent, dependent upon her surviving the husband."

At page 49, the Court said, "Regarding her right, as the law does, during the husband's life, *as having no present value.* * * * we have no scale or standard for ascertaining its present worth."

So that this application is, for an injunction to protect a contingent right, that has no present value, and where there is no scale for ascertaining such value.

"The wife can claim her dower only in case she survives her husband, and until then she should not be allowed to dictate either to her husband or to any one holding under him as to the use to be made of the property."

2 Virginia Law Review, 463, supra.

In this case none of the lessors either complain about the terms of the lease, or allege that the exercise of the tenant's rights thereunder injure or destroy the value of their estates in the demised premises.

This complaint is made by an inchoate dowress, the wife of a satisfied lessor, who may not be his widow; if the courts granted injunction relief in such cases, other cases might arise in which one or more lessors through collusion would procure the wife of another to file a bill like that in this case, and thereby have destroyed a lease satisfactory when made, but becoming unsatisfactory because of conditions arising after its execution.

So that in the language of the Court of Appeals in Reiff vs. Horst, supra, at 49, to grant the relief asked "would be opening a wide door to abuse if not fraud."

I will sign a decree dismissing the bill, the plaintiff to pay costs.