## Warish et ux. v. McGee et al.

*A. Cavalcante*, for plaintiffs.

*Richard F. Maize*, for defendants.

CARR, P. J., July 19, 1952.—This controversy centers about The Realty Transfer Tax Act of December 27, 1951, P. L. 1742, 72 PS §3283, et seq. The action is mandamus to compel the recorder of deeds to record without documentary stamps a deed claimed to be exempt from the tax as a transfer between parent and child.

On April 4, 1952, John Warish and Anne Warish, his wife, presented for recording an unstamped deed dated March 7, 1952, that had been made by their son,

Charles Warish, conveying to them certain property in Redstone Township in this county then owned by him; but because Angela M. Warish, wife of Charles, had joined in the deed, the recorder refused to record it, having been advised by the Department of Revenue of the Commonwealth that it was taxable to the extent of the value of her statutory dower, and when the present action was brought he filed preliminary objections questioning the jurisdiction of this court on the ground that the Department of Revenue was a necessary party and could be sued only in Dauphin County.

Rule 1092(c) of the Pennsylvania Rules of Civil Procedure, superseding section 1 of the Mandamus Act of June 8, 1893, P. L. 345, as amended, 12 PS §1911, provides:

"An action brought in the name of a party to enforce a right or to compel performance of a public act or duty in which the party has a beneficial interest distinct from that of the general public may be brought in and only in (1) Dauphin County when the action is against an officer, department, board, commission or instrumentality of the Commonwealth; (2) the county where a political subdivision is located when the action is against the political subdivision or an officer thereof. . . ."

Clause (2) of this rule plainly vests in us exclusive jurisdiction over the official acts of the recorder of deeds of this county, and consequently if, by reason of the interest of the Department of Revenue, our jurisdiction could not be exercised, plaintiff would be without a remedy.

In our opinion, however, the action has been correctly brought against the recorder alone, for it is solely upon him that the duty here sought to be enforced is imposed: Act of July 18, 1941, P. L. 421, 21 PS §325.1. There is nothing in The Realty Transfer Tax Act that strips him of any of his functions or gives to the department

any power to control or review his official acts. True, he is made criminally responsible for recording a taxable document to which the required stamps have not been affixed, and for that reason he may well hesitate in a case as novel as this to act contrary to the advice of the department; but the department is no more a necessary party to a judicial interpretation of the statute than the legislature would be. The only necessary party-defendant to an action of mandamus to compel the performance of a public duty is the officer upon whom the duty is imposed by law; it is inconsistent with the nature of the remedy to bring in a defendant only collaterally or incidentally interested in the subject of the controversy. The department is, of course, entitled to intervene: Act of May 28, 1915, P. L. 616, sec. 1, as amended, 12 PS §145; yet, strangely enough, it has not seen fit formally to do so, though it had notice of the proceeding and a Deputy Attorney General assigned to it and acting under its instructions prepared and filed the preliminary objections and argued them at bar.

Looking, then, to the merits of the case, which we think it proper to do at once in the obvious absence of any issue of fact, we turn to section 2 of the statute (72 PS §3284), where documents made taxable are defined as follows:

"Any deed, instrument or writing whereby any lands, tenements or hereditaments within this Commonwealth or any interest therein shall be granted, bargained, sold, or otherwise conveyed to the grantee, purchaser, or any other person, but does not include wills, mortgages, transfers between husband and wife, transfers between parent and child, and leases."

Thus, the only question is whether by joining in her husband's deed to his parents, which otherwise would have been exempt from the tax, the wife actually conveyed to them an interest in the property.

Whether or not a wife's statutory dower can be regarded as an interest in her husband's land, it is not, during his lifetime, in any manner alienable; it is inchoate and wholly contingent upon her outliving him, a mere possibility incapable of being the subject of a gift, sale, transfer, or conveyance of any kind: Briegel v. Briegel et al., 307 Pa. 93; Arnold v. Buffalo, R. & P. R. Co., 32 Pa. Superior Ct. 452; see also Randall v. Kriezer, 23 Wall (U. S.) 137, 23 L. Ed. 124. Accordingly, when she joins in his deed, she conveys nothing; she passes no title, but merely concurs in its alienation by him; her joinder operates only by way of estoppel or extinguishment: Reiff v. Horst et al., 55 Md. 42.

This is also the view taken by the Federal authorities in applying the Gift Tax Act, 26 U. S. C. §§1000 et seq. In Thompson v. C. I. R., 37 B. T. A. 793 (1938), a husband and wife had executed a deed transferring certain real property owned by her to a trustee for the benefit of her children, and in her return for gift tax purposes she deducted from the value of the property an amount estimated to be the value of her husband's inchoate curtesy (which the husband returned separately). The Board of Tax Appeals held that she was liable for the tax upon the entire value of the property, saying that by joining in the deed he did not make a gift of any property that belonged to him, but merely released his inchoate curtesy in property belonging at the time wholly to her. And in Hopkins v. Magruder, 34 F. Supp. 381 (1941), where a husband had transferred real property to himself and his wife so as to create a tenancy by entireties, the court likewise held that the value of the wife's dower was not allowable as a deduction in computing the value of the gift, since, as the court said, the dower that she relinquished had no calculable present worth.

It therefore seems reasonable to suppose that if the legislature of this State had intended the value of the

wife's inchoate dower to be taxable under The Realty Transfer Tax Act, it would not only have specifically so declared, but would have provided some formula by which its value could in practice be measured, dependent as it naturally is upon so many uncertain factors, including the respective ages, habits and bodily vigor of herself and her husband: Turner v. Turner, 185 Va. 505, 39 S. E. 2d 299.

We conclude that the deed in suit is not subject to the tax, and that it is the duty of the recorder to receive and record it.

### Order

And now, July 19, 1952, upon consideration of the foregoing case, the preliminary objections are overruled and dismissed; judgment is hereby entered against defendant, and he is hereby commanded to receive and record the deed in suit, upon payment of the recording and registration fees.