### INHABITANTS OF WAYLAND *vs.* COUNTY COMMISSIONERS OF MIDDLESEX.

Land purchased in fee or otherwise taken by a city, by authority of the legislature, for the purpose of supplying the city with pure water, and used for that purpose only, is justly taken in the exercise of the right of eminent domain, and is therefore not liable to taxation.

PETITION for a writ of *certiorari* to quash the proceedings of the county commissioners, abating part of a tax upon real estate, assessed to the city of Boston by the assessors of Wayland.

By the record of the county commissioners, (a copy of which was annexed to their answer to this petition,) it appeared that the real estate, the tax on which was abated, consisted of lands taken and held by the city under and by virtue of *St.* 1846, c. 167, entitled " an act for supplying the city of Boston with pure water," within the limits therein prescribed, and for the purposes therein set out, consisting of fifty acres of land, and a gatehouse erected thereon by the city at the outlet of Long Pond, and the aqueduct leading therefrom, in Wayland, which the commissioners, by reason of these facts, held to be exempt from taxation.

*J. G. Abbott*, for the petitioners.

*C. R. Train*, for the respondents.

THOMAS, J.   The only question in this case is whether lands taken by the city of Boston, under the act for supplying the city with pure water, *St.* 1846, *c.* 167, are liable to taxation in the towns in which they lie.

We think the question substantially settled by the decision of this court in the case of *Worcester* v. *Western Railroad*, 4 Met. 564.   See also *Boston & Maine Railroad* v. *Cambridge*, 8 Cush. 237.   Regarding this land as taken and holden for the public use, and the buildings erected upon it as necessarily incident to such use, they are both to be held public works, and as such exempted from taxation.

The general rule is not questioned; but the petitioners seek to take the case out of the rule, contending that in this case the appropriation of property cannot be held to be for public uses, its benefits being confined to one city alone and not shared by the whole public.

This objection, it is obvious, goes deeper than to the mere question of taxation, to the validity of the act itself.   For it can only be on the ground that this land was taken for public uses, that the exercise of the right of eminent domain by the government can be justified.

But we think this is too narrow a view of the objects and purposes of the act.   Many public works would perhaps be found to be peculiarly beneficial to the city or town in which they are located, though the benefits are not restricted and confined to such town or city.

In the present case the benefits are shared by a large portion of the public directly, and indirectly by the whole commonwealth.   It would be difficult, we think, to find any class of cases in which the right of eminent domain is more justly or wisely exercised than in provisions to supply our crowded towns and cities with pure water—provisions equally necessary to the health and the safety of the people.

It is perhaps scarcely necessary to remark that it is for the legislature, in the first instance, to determine what may be

regarded as a public use, and that it is only in clear case of departure from the rule that this court would feel justified in determining such an act to be invalid.

The limitation observed in the case of the Western Railroad would be applicable; that is, the exemption would extend only to property taken under and for the purposes of the act, and to buildings or other structures erected upon it to carry out its objects into effect.

This land is found to have been taken under the act, and within the limitations prescribed in the first section. The structures upon it were clearly necessary to carry out the purposes of the act.

It was suggested that the city had a fee in these lands and not merely an easement. The city are authorized to take the land by purchase or otherwise, and there would seem to be no objection to the purchase of the land in fee. If the land was valuable for and used for purposes other and distinct from those of the aqueduct, the property so used to the extent it was so used, would be liable to taxation, upon the principle settled in *First Meeting-house in Lowell* v. *Lowell,* 1 Met. 538.

*Petition dismissed.*