ANNA WOOD HARRIS, Appellant, v. KANSAS CITY, Appellant.

Division One, April 8, 1922.

1. **PUBLIC USE: Land Devoted to Municipal Water Works System.** The furnishing of water, by means of a system of waterworks, to a municipality and its inhabitants, is a public use, and land used as an integral part of such system is devoted to a public use, whether it be done by a private corporation organized for that purpose and operating under a franchise from the municipality, or by the municipality itself.

2. ————: ————: **Dower.** The doctrine is firmly established in this State that the inchoate right of dower is suspended, or extinguished, in lands appropriated, according to the forms of law, to the uses of the public, whether such public use arises by prescription, by dedication through a deed or acts *in pais* coupled with acceptance, by condemnation, or by a simple conveyance followed by an actual appropriation to such use.

3. ————: ————: ————: **Conveyance in Fee: Easement by Condemnation.** The fact that defendant's title was one in fee, acquired by deeds of conveyance and not by condemnation under the power of eminent domain, did not give plaintiff any right to presently have her dower assigned in such land while it was being used as a part of such waterworks system, even if it were conceded that such waterworks company by condemnation proceedings under the Act of 1881 (Laws 1881, p. 45) could only have acquired an easement in such land and not the fee, as it was the use to which such land was devoted that prevented plaintiff's having dower assigned therein during such use, and not the title by which such land was held.

4. ————: ————: **Easement or Fee: Dower.** It seems that where a fee in land is authorized to be taken, and is taken, under the power

of eminent domain, the inchoate right of dower therein, if any, is extinguished. Where merely an easement is taken, it ought to be held, on principle, that such right of dower is not abrogated, but merely suspended during the period of the servitude. And where a municipal or public service corporation secured a fee by deed, when under its charter it could acquire by condemnation only an easement, an inchoate right of dower in the land should not be any more adversely affected thereby than had the use only been taken under the power of eminent domain, as the right of dower yields only to the extent necessary for the full exercise of the paramount public right; and the extent to which a given public use requires the extinguishment of an owner's title and private rights incident thereto, is solely for the Legislature to determine, and its intention in that respect is to be deduced from the act authorizing condemnation.

Appeal from Jackson Circuit Court.—*Hon. Thomas B. Buckner,* Judge.

REVERSED.

*Joseph S. Rust* for plaintiff.

(1) There may be dower in a public use, or, more properly, in land used as such, where the property out of which the use is claimed has not been acquired in one of the ways pointed out by the law or decisions. (2) Donnell took the fee subject to plaintiff's dower, as did also the Water Works Company and the city. The two latter did not take a mere easement, and therefore the idea that there is no dower in an easement has no application here. Where a public service corporation takes by deed purporting to convey the fee, it holds and can sell and convey the fee unless there is something in its charter expressly excluding the right to acquire and hold the fee, as was not the case as to the Water Works Company and the city. Chambers v. St. Louis, 29 Mo. 543; Baker v. Ry., 122 Mo. 406 to 413; R. S. 1919, sec. 9749; Note, Kansas City Charter, 1909, p. 98. (3) The widow is not deprived of her dower by the simple fact that the land has been taken and is being used for some public use. It must have been properly taken, in one of the modes

pointed out by the law; and in some manner her interest must have been represented. Her interest cannot be said to have been represented, where her husband was sold out under a sheriff's deed, which expressly stated that it conveyed only his interest. (4) Dower is not a mere shadow. It is a substantial right and one which the courts protect with the greatest jealousy, resolving doubt in doubtful cases in favor of the widow. Blevins v. Smith, 104 Mo. 583. (5) The widow will not be deprived of her dower unless she is a party to or represented in the instrument transaction or proceeding under which her dower is claimed to have been extinguished. All the cases are based on that theory. Venable v. Railway, 112 Mo. 124. (6) In the case of Choteau v. Railway, 122 Mo. 375, on which defendant seems chiefly to rely, the husband's deed purported to convey the entire title, and the court (improperly as we think) held that the husband in that, a public use case, would be presumed to have represented her and to have received compensation for her dower interest, but in this case that presumption cannot be entertained because the sheriff's deed only purported to convey the husband's interest. (7) This case is distinguished from the railroad right-of-way cases, because in those cases only a part of the land was taken, and dower could, as the court says, be allowed out of the remainder of the tract. (8) This case must also be distinguished from the railroad right-of-way cases, because the right of way required that particular strip of land, but it cannot be held that these particular lots were necessary to the city for a place to store old pipe, and therefore the question of the necessities of the public does not arise in this case. Some other lot would have answered the purposes of the water works company and the city. (9) This case must be distinguished from the Chouteau Case because it was held in that case that the railroad had only an easement and that there could be no dower in the easement. In case at bar the city has the fee subject only to this dower.

*E. M. Harber, M. A. Fyke* and *Francis M. Hayward* for, defendant.

(1)    The court erred in refusing defendant's instructions 1 and 2, which were to the effect that plaintiff under the undisputed evidence was not entitled to dower in the land in question.    (a)  ·The supplying to a city or town water is a public use.    Lewis on Em. Dom., sec. 267; ·Burden v. Stein, 27 Ala. 104; Cummings v. Peters, 56 Cal. 593; Water Co. v. Forbes, 62 Cal. 182; Riche v. Bar Harbor Works, 75 Me. 91; Kane v. Mayor, 15 Md. 240; Wayland v. County Comm., 4 Gray, 500; Lumbard v. Stearns, 4 Cush. 60; Olmstead v. Morris Aqueduct, 46 N. J. L. 495, 47 N. J. L. 311; ,Waterworks Co. v. Bird, 130 N. Y. 249; Water Co. v. Stanley, 39 Hun. 424; Matter of New Rochelle, 46 Hun. 525; Witcher v. W. W. Co., 69 Hun. 619; State v. Eauclaire, 40 Wis. 533.    (b) · And there can be no dower in a public use.    Chouteau v. Ry. Co., 122 Mo. 375; Baker v. Ry. Co., 122 Mo. 396; Venable v. Railroad, 112 Mo. 103; Christman v. Lindeman, 202 Mo. 615; Benton v. St. Louis, 217 Mo. 699; Moore v. Mayor, 8 N. Y. 110; Gwynne v. Cincinnati, 3 Ohio, 24; Duncan v. City, 85 Ind. 104; Canty v. Latterner, 31 Minn. 239; Railroad v. Swinney, 38 Iowa, 182.

RAGLAND, C.—This is a suit for dower.    The husband of plaintiff, John S. Harris, was on June 7, 1873, seized in fee of the real estate in which she now claims dower.    He died February 6, 1897.

On June 7, 1873, the interest of Harris in the land was sold under execution and conveyed by sheriff's deed to R. W. Donnell; on May 20, 1884, Donnell and wife conveyed by warranty deed to the National Water Works Company, a corporation of the State of New York (hereinafter referred to as the company).    Under its charter and the laws of New York, the company was empowered to· establish, construct and maintain water works in or adjacent to any city, town, or village in the United States, and to supply any such city, town or village, and the inhabitants thereof with water.    Under the authority con-

ferred by a special act of the Legislature passed in 1873 (Laws 1873, p. 286), Kansas City by ordinance, approved October 27, 1873, and duly ratified by popular vote, authorized the company to acquire and operate for a period of twenty years a system of waterworks in Kansas City, Missouri, for the purpose of furnishing its inhabitants water, and to erect and maintain all buildings and machinery necessary and suitable therefor, the city reserving the right to purchase the entire property constituting such waterworks. The ordinance was accepted by the company October 31, 1873.

Within due time the company acquired, constructed and put into operation waterworks conformably to the provisions of the ordinance. Under some arrangement with the owner, Donnell, it went into possession of the lot in which dower is now claimed, in 1880. The ground fronted 80 feet on Main Street, and extended back along Second Street 142 feet to the alley. There was a small two-story brick building on it and also a stable. The premises were enclosed with a fence. The stable was used by the company for its horses, the yard for storage of cast-iron pipes, and the brick building for a meter department and work shop. These uses of the property continued as long as the company owned it.

In accordance with the provisions of the ordinance heretofore referred to, and pursuant to a decree of the Circuit Court of the United States for the Western Division of the Western District of Missouri, the company, in 1895, sold and conveyed all of the property comprising its system of waterworks, including the lot deeded it by Donnell, to Kansas City. After the city acquired the waterworks it continued the use of the lot as an integral part of the system, and was so using it at the time of the trial, September, 1919. In 1905, the city erected thereon a substantial two-story brick building covering practically the whole of the lot, at a cost of approximately $40,000.

The ground without the improvements was valued by plaintiff's witnesses at $40,000, and the yearly rental

at $2400; defendant's witnesses valued the land at from $11,360 to $14,200, and the annual rental at from $681 to $852.

Plaintiff demanded dower in the premises, as the widow of John S. Harris, deceased, April 1, 1897.

A jury was waived. The court found that plaintiff was entitled to dower in the land but not in the improvements, and that the reasonable yearly rental value, exclusive of improvements, was $1200. It thereupon adjudged that plaintiff recover for the detention of her dower the sum of $9,104.38 ($400 a year from the time of the demand to the date of the decree, without interest), and in addition thereto $400 per annum during her natural life, and that she have a lien on the premises to secure the payment thereof.

Both parties have appealed. Defendant contends that plaintiff is not entitled to dower at all. She insists that the trial court was in error: (1) in excluding the value of the improvements in admeasuring her dower out of the rents and profits; and (2) in not allowing her interest on annual payments—equal to one-third of the yearly rental value of the premises—from the times they should have been made, after demand of dower to the date of the decree, as a part of her damages for the detention.

I. The only question presented on defendant's appeal is whether plaintiff may assert a right of dower in

**Dower.** land in use by defendant in connection with, and as a part of, its waterworks system.

That the use to which the defendant is devoting the land is a public use is not open to question. [Lewis on Eminent Domain, sec. 267; Wayland v. County Commissioners, 70 Mass. 500; Pocantico Water

**Public Use:** Works Co. v. Bird, 130 N. Y. 249.] Before
**Land Devoted**
**to: Waterworks.** its acquisition by defendant it had been appropriated to a similar use by its predecessor, the National Water Works Company. In recognition of the fact that the supplying of a city, town,

or village with water is a public use, the Legislature in 1881 passed an act (Laws 1881, p. 45) authorizing any corporation, company or individual, proposing to so engage in supplying water, "to acquire by condemnation sufficient lands upon which to build works for the pumping, storage, distribution and management of water."

The doctrine is firmly established in this State, as in most other jurisdictions, that the inchoate right of dower is suspended, or extinguished, in lands appropriated, according to the forms of law, to the uses of the public. [Benton v. St. Louis, 217 Mo. 687; Chouteau v. Railroad, 122 Mo. 375; Baker v. Railroad, 122 Mo. 396; Venable v. Railroad, 112 Mo. 103.] And it makes no difference whether the public use arises by prescription, by dedication through a deed or acts *in pais* coupled with acceptance, by condemnation, or by a simple conveyance followed by an actual appropriation to such use. The principles giving rise to the rule, as applied in this State, have been so fully set forth in the cases just cited that a discussion of them now would be a work of supererogation.

Plaintiff contends that the case at bar is distinguishable on the facts from any of those cited, in this: The Act of 1881 authorized the taking only of an easement in lands to be used by a corporation in supplying cities with water, whereas, the National Water Works Company acquired from Donnell by open deed, without restriction of any kind as to use, a fee in the land, encumbered only with plaintiff's inchoate dower; that it could, therefore, have abandoned the use of it as a part of its waterworks at any time, and sold it, and conveyed the fee, just as it could any other private holding, and that defendant by its deed from the company acquired a like title. It is undoubtedly true that the company through its deed from Donnell acquired the fee and that it in turn conveyed the fee to defendant, and it may be that neither of them could have acquired more than an easement by condemnation. But, even so, it is not apparent how such facts can be of any avail to plaintiff in her claim of a present right

of dower. The nature of the title acquired successively by the company and by the defendant is important only with respect to its sufficiency to authorize each of them to appropriate the land to the use it did. Each had the right under the title it obtained to devote the land to a public use, and during the continuance of such use dower can not be assigned therein—that is, dower that was inchoate at the time of the commencement of the use. The rule is very clearly set forth in the separate opinion of BARCLAY, J., in Chouteau v. Railroad, 122 Mo. l. c. 393, 395:

"It is wholly immaterial what may be the estate of the corporation invoking the power of eminent domain. So long as the property is lawfully in use for public purposes, no right of dower can be asserted to interfere with the paramount right of the public.

"We conclude that, under the provisions of our statutes, it is plainly apparent that no right of dower, such as plaintiff claims, can be asserted against property duly acquired by deed, or by condemnation, and actually devoted to public use; and that such a regulation of, or limitation upon, inchoate right of dower is valid, and not in violation of any provision of the organic law."

It follows that as the land in question, since its conveyance by Donnell, has been, and now is, rightfully devoted to a public use, plaintiff cannot demand dower therein.

Where a fee in land is authorized to be taken, and is taken, under the power of eminent domain, the inchoate right of dower, therein, if any, is extinguished. Where merely an easement is taken, it ought to be held, on principle, that such right of dower is not abrogated, but merely suspended during the period of the servitude. And where a municipal or public service corporation secures a fee by deed, when under its charter it could acquire by condemnation only an easement, a right of inchoate dower in the land should not be any more adversely affected thereby than had the use only been taken under the power of eminent domain. This, because the right of

dower yields only to the extent necessary for the full exercise of the paramount public right; and the extent to which a given public use requires the extinguishment of an owner's title, and private rights incident thereto, is solely for the Legislature to determine, and its intention in that respect is to be deduced from the act authorizing condemnation. [Brooklyn Park Comm. v. Armstrong, 45 N. Y. 234.]

Whether the National Water Works Company, under the Act of 1881, was authorized to acquire by condemnation the fee in land necessary for it to take and use in connection with the operation of the waterworks at Kansas City, whether such power is conferred on defendant under its charter, and whether plaintiff's inchoate right of dower has been extinguished, or is merely suspended during the time that the land in which it is claimed is, or shall be, devoted to public use, are questions, however, which we do not decide, because not arising on the record before us. We premise this much because it is asserted by plaintiff in her brief that the land has been sold and conveyed by defendant and appropriated to private uses since the trial of this cause below.

It follows from the views herein expressed that the judgment of the circuit court will have to be reversed. It is so ordered.

In view of the disposition made of the case on defendant's appeal, the questions raised on plaintiff's appeal have become merely academic. Her appeal is therefore dismissed. *Small, C.,* concurs; *Brown, C.,* absent.

PER CURIAM:—The foregoing opinion by RAG-LAND, C., is hereby adopted as the opinion of the court. All of the judges concur.