DRIVER, B. J., Associate Judge.
The material facts involved in this appeal are few, plain, and simple.
Appellee, City of West Palm Beach, in an eminent domain proceeding condemned land owned by appellee, A. G. Dal Brun. Title to the land was in the sole name of the latter. Appellant, Irma Vitali Dal Brun, is the wife of A. G. Dal Brun, though they have been separated for approximately twenty years. The wife resides in Milan, Italy, and the husband in West Palm Beach.
The appellant wife was joined in the eminent domain suit only because of her inchoate right of dower granted by section 731.34, Florida Statutes, F.S.A. The proceeds of the condemnation were paid into the registry of the court by the City, and thereafter appellee, A. G. Dal Brun, moved the court to disburse to him the full sum so deposited. The appellant wife moved the court to preserve her inchoate right of dower in the condemned lands by transferring or attaching it to the condemnation award.
The trial court denied the motion of appellant wife and ordered the entire proceeds disbursed to the husband, A. G. Dal Brun.
The sole issue on appeal is the correctness of this order.
We affirm and hold that a wife’s inchoate right of dower in her husband’s lands, granted by section 731.34, Florida Statutes, F.S.A., is cut off and extinguished when the lands are condemned under the right of eminent domain. A wife in such case has no interest in or right to any part of the compensation paid to the husband under the award of condemnation. This is in accord with the overwhelming weight of authority in the United States. Shelton v. Shelton, 1954, 225 S.C. 502, 83 S.E. 2d 176; Flynn v. Flynn, 1898, 171 Mass. 312, 50 N.E. 650, 42 L.R.A. 98, 68 Am. St.Rep. 427; Briegel v. Briegel, 1931, 307 Pa. 93, 160 A. 581; Harris v. Kansas City, 1922, 293 Mo. 572, 239 S.W. 1077; Venable v. Wabash Western Ry. Co., 1892, 112 Mo. 103, 20 S.W. 493, 18 L.R.A. 68; Canty v. Lattemer, 1883, 31 Minn. 239, 17 N.W. 385; Long v. Long, 1919, 99 Ohio St. 330, 124. N.E. 161, 5 A.L.R. 1343; 18 Am. Jur., Eminent Domain, § 230, 101 A.L.R. 697; United States v. Certain Parcels of Land, D.Md.1942, 46 F.Supp. 441; Chouteart v. Missouri Pac. Ry. Co., 1893, 122 Mo. 375, 22 S.W. 458, 30 S.W. 299; Caldwell v. City of Ottumwa, 1924, 198 Iowa 666, 200 N.W. 336.
There is a smattering of authority to the contrary, In re Cropsey Ave. in City of New York, 1935, 268 N.Y. 183, 197 N.E. 189, 101 A.L.R. 694; Wheeler, Green & Whitney v. Kirtland, 27 N.J.Eq. 534; and we have not overlooked the ingenious argument of appellant’s counsel urging that this minority view should prevail in Florida, but deem the general rule set forth above to be better.
The judgment appealed is affirmed.
CROSS, C. J., and REED, J., concur.