HENRY ROWLAND *vs.* AMANDA L. PRATHER.

*Widow of a Co-parcener not Dowable of Land, in which he had an Interest, after Decree (passed before the Marriage) for Sale for the purpose of Partition—Allowance in lieu of Dower out of Proceeds of Sale.*

Upon a bill filed for the partition of S. L. P's real estate among his heirs-at-law, a decree was passed in 1856, adjudging the land impartible, directing a sale for the purpose of partition, and appointing a trustee to make the sale.   More than two years after decree was passed, S. G. P., one of the co-parceners, and a party to the suit, was married to the appellee.   Before the sale was made, S. G. P., died without issue, leaving his wife surviving him.   The sale was made in 1862, reported to, and ratified by the Court.   The purchaser paid all the purchase money, and it was distributed among the parties claiming to be entitled to it.   S. G. P's portion, upon the interlocutory petition of his creditors, to which the appellee was made a party as his administratrix, was distributed among said creditors, and what was left was divided among his brothers and sisters.   No allowance was made the appellee out of the fund for her dower, and no application was made in that case for such allowance.   On proceedings in equity by the appellee against the appellant, who purchased the land, to have dower assigned to her according to the interest of her husband in the land sold, it was HELD:

1st. That the decree for sale barred the appellee from claiming dower in the land sold.

2nd. That the appellee should have applied for an allowance in lieu of dower out of the proceeds of sale; and that the appellant ought not to be prejudiced by any error in the distribution, or by her *laches.*

APPEAL from the Circuit Court for Washington County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER and IRVING, J.

*Louis E. McComas,* for the appellant.

The death of Samuel Gideon Prather intermediate the decree and the sale and ratification thereof, without any order consequent upon the death, does not render void the sale so ratified, nor furnish a sufficient ground for impeaching the rights of the purchaser in this collateral proceeding. *Schley's Lessee vs. M. & C. C. of Balto.,* 29 *Md.,* 46.

A decree for a sale is final, as it determines the liability of the property to be sold. The decree virtually puts the estate under the protection of the Court. *Tessier vs. Wyse,* 3 *Bland,* 28; *Alex. Ch. Pr.,* 144; *Tongue vs. Morton,* 6 *H. & J.,* 23; *Frazier vs. Palmer,* 2 *H. & G.,* 469; *Brooks vs. Brooks,* 12 *G. & J.,* 307.

A decree for a sale to effect partition, or to pay debts, virtually takes possession of the estate, and vests it in the Court for the purposes of distribution. The Court is the vendor. *Williams' Case,* 3 *Bland,* 215; *Rorer on Judicial Sales,* sec. 29; *Beauregard vs. New Orleans,* 18 *How.,* 497, 513; *Glenn vs. Clapp,* 11 *G. & J.,* 1; *Schindel aud Wife vs. Keedy, et al.,* 43 *Md.,* 413.

The wife is in privity with her husband. Her estate is but a continuation of the husband's seizin. Her estate in dower is but a continuation of the inheritance, and is derived by law from the seizin of her husband, and consequently, when his estate is defeated, and not by his act, her right of dower ceases. *Inloes vs Harvey,* 11 *Md.,* 524; 1 *Bishop on the Law of Married Women,* sec. 355; *Emerson vs. Harris,* 6 *Metcalf,* 477–8; *Chew vs. Chew,* 1 *Md.,* 172; *Spangler & Carroll vs. Stanler,* 1 *Md. Ch. Dec.,* 36; 4 *Kent,* 35, 50.

Where a statute provided that a widow's dower should not be considered as sold or extinguished by a sale of the

husband's property, by virtue of any decree, execution or mortgage to which she is not a party, this enactment was held to have no relation to decrees or other encumbrances existing prior to marriage. *Scribner on Dower*, 578; *McMahon vs. Kimball*, 3 *Blackf.*, 1.

Her estate is but part of his, is derived from him, and must be subject to all encumbrances existing against it at the time of the marriage, or the acquisition by the husband. 4 *Kent*, 50 ; *Greene vs. Greene*, 1 *Ohio*, 542; *Trustees of the Poor vs. Pratt*, 10 *Md.*, 11 ; *Mantz vs. Buchanan*, 1 *Md. Ch. Dec.*, 208 ; *Tyler on Infancy and Coverture*, 574–5, and cases cited; 1 *Scribner*, 564, 568, 578.

The right of dower must always attach subject to all the equities that may exist against the husband's title at the time it attaches. *Firestone vs. Firestone*, 2 *Ohio*, 415; 1 *Bishop*, secs. 279, 280, 328 ; 1 *Scribner on Dower*, 572; 1 *Washburn on R. P.*, (3rd *Ed.*,) 163 ; *Blood vs. Blood*, 23 *Pick.*, 80.

Dower will be defeated, if it ever attached upon sale made by foreclosing a mortgage, or by execution on a judgment obtained prior to marriage, although the sale be made long after. A decree for sale is *in rem*, it is against the property itself. *Rorer on Jud. Sales*, sec. 31 ; *Tyler on Inf. and Cov.*, 574.

A decree in like manner, as a judgment, binds the lands of the defendant, it is a lien which fastens upon it from the date of the decree. This lien was enforced, it fastened upon the land of Gideon Prather, sold it by judicial process, and defeated the appellant's dower. Rowland, under this sale in partition, takes a conclusive title against the parties and their privies, against Prather's heirs and Prather's wife. *Rorer on Jud. Sales*, sec. 339 ; *Weaver vs. Gregg*, 6 *Ohio*, 547 ; *Freeman on Co-tenancy and Partition*, sec. 474; *Cape Sable Co. Case*, 3 *Bland*, 669 ; *Coombs vs. Jordan*, 3 *Bland*, 321 ; 29 *Md.*, 46, before cited.

When the proceeds of sale were reported, the appellee might have applied to the Court, on the ground that any

possible dower right was transferred to the proceeds of sale, out of which the Court might have allowed her an equivalent, if entitled at all. *Warren vs. Twilley*, 10 *Md.*, 51.

*Edward Stake* and *A. K. Syester*, for the appellee.

Certainly the three things necessary to the consummation of dower, namely, "marriage, seizin, and the death of the husband," (*Coke Lit.*, 31 *a*,) exist in this case; 4 *Kent*, 35; 1 *Bishop, Married Women, sec.* 250, and authorities there cited.

Tenants in common (says *Coke Lit.*, 37, *b*,) have several freeholds and inheritances, and their moieties shall descend to their several heirs, and their *wives shall be endowed.*

"It is enough that the husband has a seizin in law, with a right to an immediate corporal 'seizin.' The seizin in law, is such, by way of example, as an heir has, when an estate has descended to him without any adverse seizin in any third party." 1*st Wash. R. Pro.*, ch. 7, sec. 3, pa. 215, (4*th Ed.*,) *side pa.* 173.

"A sole seizin of the freehold and inheritance, in any particular share or property of lands, either as tenant in common, in co-parcenary or otherwise, will be subject to the attachment of dower, *to the extent of the share of each tenant*, in respect to whose relation, as husband to any particular woman that title can accrue." *Park on Dower*, 41.

The case of *Chew vs. Chew*, 1 *Md.*, 163, seems to be conclusive as to the right of a widow to be endowed of lands held by her husband as tenant in common, &c.

Besides, "the power of dower *cannot be a joint one* against the several tenants of separate parcels of estate, though originally derived from the husband, but *each tenant* must be *sued separately* in respect to the parcel of which he is tenant." 1*st Wash. on R. Pro.*, book 1, ch. 7, sec. 5, pa. 289, (4*th Ed.*)

As to the decree, this was passed before the marriage, and it is argued that dower cannot attach, because the decree operated to divest the husband of his freehold.

• The husband died before a sale, and his administratrix did not, and could not, take his proportion of the purchase money. It all went to his heirs-at-law, because at his death, before sale, his estate in the lands descended to them. It is incredible to learn now, that all this was error, and that after the decree and before sale, the husband had no inheritable estate of which his widow could be endowed. It is impossible to understand how this decree converted the land into money. The authorities in this State are believed to be uniform, emphatic and abundant on this point. They cover almost every imaginable state of case. *State, use of Rogers vs. Krebs,* 6 *H. & J.,* 31; *Leadenham vs. Nicholson,* 1 *H. & G.,* 267; *Hammond vs. Stein,* 2 *G. & J.,* 81; *Manship vs. Evitts,* 2 *Md. Ch. Dec.,* 366; *Newcomer vs. Orem,* 2 *Md.,* 297; *Betts vs. Werts,* 3 *Md. Ch. Dec.,* 113; *Dalrymple vs. Tanneyhill,* 4 *Md. Ch. Dec.,* 171; *Jones vs. Plumm,* 20 *Md.,* 416.

IRVING, J., delivered the opinion of the Court.

Upon a bill filed for the partition of Samuel L. Prather's real estate among his heirs-at law, a decree was passed in August, 1856, adjudging the land impartible, directing a sale for the purpose of partition, and appointing a trustee to make the sale. More than two years after decree passed, Samuel Gideon Prather, one of the co-parceners, and one of the parties to the suit, was married to the appellee. The sale had not then been made, and was not made until December, 1862; and before that sale was made, Samuel Gideon Prather died, leaving his wife, the appellee, surviving him. The sale was made, reported to and ratified by the Court. The purchaser paid all the purchase money, and it was distributed among the parties claiming to be entitled to it. The portion of the

appellee's husband, upon the interlocutory petition of his creditors, to which the appellee was made a party, as administratrix of her husband, was distributed according to the prayer of the interlocutory petition among the creditors of Samuel Gideon Prather, and the balance of his share was divided among his brothers and sisters surviving him, as he had no children. No allowance was made the appellee out of said fund for her dower, and no application was made in that case for such allowance; but by independent bill against the appellant, who purchased the land the appellee seeks to have dower assigned to her according to the interest of her husband in the land sold. The Circuit Court decreed in her favor, and our inquiry, on this appeal, is simply this: Did the decree for sale, for the purpose of partition, which passed before the marriage of the appellee with her husband, who was one of the co-parceners and one of the parties to the suit, and who died before the sale, bar the appellee from claiming dower from the purchaser? The solution of this question involves inquiry into the character of the appellee's rights which vested in her by the marriage, and also into the extent and operation of the decree as respects her rights. The rule in dower which the common law has given us is, that " a woman shall be endowed of all the lands of which her husband was seized during the coverture, which any issue of hers by him could inherit." The kind of seizin which is meant in this definition of dower, is not necessarily an actual seizin, or corporal seizin; but it is a seizin in law, which implies and involves the right to an immediate corporal seizin. 1 *Washburn on Real Property*, (*4th Edition*,) 215. Dower, until it is assigned, is a mere right. It requires actual assignment for corporal possession, to raise it into an estate. The right to its assignment is not transferable, so that the assignee may compel its assignment to him for actual possession. After it is assigned, it will pass by conveyance as other estates. 1 *Washburn*

*Real Property,* secs. 349, 350; 2 *Scribner,* 26. Dower, therefore, is the right to the possession in severalty of a certain portion of the husband's lands for life, under the circumstances, covered by the foregoing definition; and it is to secure that enjoyment *in specie* this appellee is seeking; and unless the decree for partition in the case mentioned so concluded the rights of the several parties, or so changed the respective powers of the several tenants in common over the land decreed to be sold as to bar her rights, which, whatever they are, accrued after decree had passed, her claim must be allowed. All authorities agree that the wife acquires no new freehold, but that *her seizin* is but a continuation of her husband's seizin. 1 *Bishop's Law of Married Women,* 355; *Emerson vs. Harris,* 6 *Metcalf,* 477–8. The general rule is, that the wife's dower is liable to be defeated by every subsisting claim, or encumbrance in law or in equity, existing before the inception of her right, and which would have defeated the husband's seizin. 1 *Scribner on Dower,* 564; 4 *Kent,* 50, *and Bishop on Married Women,* 282. If therefore, the decree for sale devested or defeated in any way the husband's right to a several corporal seizin, the case falls under the general rule. The Court below places its ruling wholly on the ground that the conversion from realty into personalty, was not effected by the decree, and therefore as the widow of one of the tenants in common, she was entitled to dower notwithstanding the marriage was after the decree. With this reasoning we cannot concur. It does not follow that because the conversion from realty into personalty was not completed by the decree, the rights of the appellee were not affected by it. If that view be sound, then the marriage of the appellee with one of the tenants in common at any moment before the sale was made, or at any moment after the sale, and before its final ratification by the Court, if her husband died also before the ratification, would interject new rights as against the

purchaser, no matter how ignorant the trustee or purchaser might have been of such action of one of the parties; for the conversion is not consummate until the final ratification of the sale by the Court. If because the conversion is not completed, the dower in this case is not defeated in the hands of the purchaser, then it follows that if the purchaser had bought for cash and paid it, and the ratification of the sale from any cause was delayed, and before ratification one of the parties had married and died, leaving his widow surviving, the purchaser would have been subjected to dower, unless the proceedings were suspended, the sale set aside, and the widow was regularly brought in, and a new sale made; and if perchance the marriage was not discovered till after ratification, he could not escape dower. This cannot be. Sound doctrine and policy can involve no such awkward and unjust results. The view we take of it does injustice to nobody, and protects every one. The decree was an adjudication that the land was not divisible so that it might be enjoyed by the several parties, in several parcels, and a determination that the land must be sold for the purposes of partition between the parties. By it, the Court "virtually took possession of the land," to use the language of Chancellor BLAND in *Williams' Case*, (3 *Bland*, 215,) "for the purpose of equally dividing the proceeds of sale among the parceners." We cannot concur in the view expressed by the Chancellor, that "the title was vested in the Court," for the purpose of distribution. Technically speaking, there was no vesting of title in the Court; but from the date of the decree, the land was under the power of the Court, for the purpose of the sale decreed to be made. The Chancellor illustrates by a case where waste was being committed, and the *trustee* appointed to make the sale, but who had not yet sold, applied for injunction to stay the waste; the Court issued the injunction to stay the commission of the waste.

The decree bound all the parties to the suit, and all their privies by representation or in estate. After the decree the husband could never have possessed his share of the land in severalty without in some way getting rid of the Court's decision, by reversal, rescission, or some effective agreement between the parties, doing away with the necessity of executing the decree. He could do no act which would operate as a livery of seizin, with the right to take actual possession in severalty. Although the estate of the husband was not taken away, his powers over it were somewhat restricted by the decree. For the purpose of descent and distribution of the proceeds of sale it still retained its character as real estate. His interest would still have passed by deed, but the alienee would have taken subject to the decree. His heirs, to whom his interest descended, were bound, as he was, by the decision that the land was indivisible, and after his death they could not have assigned dower to the widow. Their right to the actual possession in severalty of their father's share was cut off by the decree, so that the widow could not receive from them assignment of dower in land. The father's share in land being unascertainable, there was no way of giving her the third of it to possess  No doubt she acquired rights which would have been recognized, and ought to have been recognized, had she sought an assignment of part of the proceeds of sale. In equity, she would have been entitled to her portion in lieu of dower, as the proceeds represented land, in which, because of the decree, and only because of it, she could not obtain her dower in land. Had she been married *before* the decree, and been made a party to the proceeding, the sale of the land clear of her dower would have been decreed under the Act of 1839, chapter 23, (which gives section 33 to Article 16 of the Code,) and she would have been allowed a portion in money in lieu of her dower. In *Warren vs. Twilley*, 10 *Md.*, 51, Judge ECCLESTON, speaking for this Court,

says, it is by no means clear that, prior to the Act of 1839 a decree for partition would not bar the wife. The reasoning in that case applies strongly to this, although in that case she was a party to the suit. That case expressly decides that, being a party, she was barred. Here she was not a party, because the decree passed before the marriage. But it is said her marriage, after decree passed and death of her husband, made it necessary to revive the decree as against her, in order to bind her. Under the circumstances, was that imperatively necessary? If it was, as against the appellant, the purchaser, can we collaterally inquire into the omissions of that case? Before her rights arose decree had passed, and the rights of the other parties ought to be protected by it. The *voluntary* act of one of the parties, done afterward, ought not to unsettle the result the other parties had secured by the decree in their favor. An alienee *pendente lite* would have been bound by the decree. This Court so decided in *Inloes vs. Harvey*, 11 *Md.*, 524. Here it is actually *res adjudicata* so far as the rights of the parties to the suit were concerned, and alienees and privies in any way should be bound by it. Marriage pending the suit, and before decree would not have abated the suit, but under Art. 2, sec. 12, of the Code, on application, a new party might have been added. Under the 8th sec. of Art. 16 of the Code, death after decree does not of necessity make revival necessary. It is in the discretion of the Court, and surely that was a case in which the discretion may very properly have been exercised to dispense with it. It does not appear that any action was taken in the premises. In *Schley's Lessee vs. Mayor and City Council of Baltimore*, 29 *Md.*, 35, it appeared that, after a decree for sale for partition, one of the tenants in common died, leaving a husband, who was a party to the suit, and also leaving certain children, her heirs-at-law. The decree was not revived against the heirs-at-law. The sale was made and

ratified, and the proceeds were distributed. By error, the wife's share was all awarded to her husband. There was no appeal. Subsequently the heir-at-law brought ejectment against the purchaser for his share of the land. This Court, through the present Chief Justice, said that the failure to revive the decree against the heir, did not invalidate the title of the purchaser, and added that " Courts of law and equity guard with jealous care the title of purchasers acquired under judicial sales." We are unable to see in this case a distinction in favor of the appellee. If in that case the heir had no remedy against the purchaser, we cannot see why this appellee, who married her husband after decree, should be allowed dower from the purchaser because she was not formally brought in before sale as a party to the proceeding.

To hold otherwise than that this appellee's rights, acquired by marriage after the decree for sale, were subject to the decree, and that she was remitted to the proceeds of sale for a portion in lieu of dower, would be, in effect, to hold that, by marriage after decree, she was put in better position than the alienee of the whole interest of her husband would have been, and in better position than she would have been had she been married before proceedings instituted, or pending the proceedings and before decree.

The equity of the appellant is such that the decree must be held as giving him, through the sale made under it, all the rights of the several parties, individually or by representation; and we have already shown that the widow's dower is but the continuation of the husband's estate. Whatever rights he had, she, as his widow, would be entitled to share therein, as his widow, to the extent allowable in such case. If he could not have a several estate and possession, the wife could not *continue* what he had not. She could only *continue* his right in the equitable claim he had on the proceeds. In New York and Ohio, where the statutes are very similar to our own, it has been

held that the purchaser in a partition sale takes a con-
clusive title, discharged of any inchoate right of dower.
In New York it was first decided otherwise, but the Chan-
cellor, on appeal, reversed the decision. The case was
taken to the Court of Errors and Appeals, and there it
went off on another point, the Judges being divided on the
question whether the inchoate right of dower was barred.
The Vice-Chancellor below put his decision allowing the
dower, on the ground that the statute gave no power to
the Court to coerce a widow into commutation. 1 *Scrib-
ner on Dow.*, 329. Under our statutes, in partition cases
the Court may do so. In the case of *Weaver vs. Gregg*, 6
*Ohio State Rep.*, 547, there is a very able discussion of the
question, and of the equities of such a case, and there,
where decree passed in partition for sale, and the wife was
not a party, the Court held the sale carried an unencum-
bered title, devested of dower rights. That case differs
from this case in this, that there the right arose before
proceedings for sale, whilst here decree had actually
passed before marriage. This case, therefore, is a stronger
one for the application of the principles and equities there
discussed, than that case was. The learned Judge in that
case, to show that the Legislature, by authorizing a sale
for partition, intended that the entire estate should pass,
devested of any right of dower, reasons thus: "Let us
suppose two co-parceners, each the owner of an undivided
half of an estate inherited from a common ancestor. One
has a wife; the other is unmarried. One of them peti-
tions for partition of the common estate, which, being
found incapable of partition, is ordered to be sold. It is
understood to be the settled law that the inchoate right
of dower of the wife is not devested by the sale. The
consequence is inevitable that the estate must be sold for
much less than it would otherwise have brought. Yet,
on the distribution of the proceeds of sale, the husband
comes in for an equal share, and the loss falls alike on

the married and unmarried man. This is a necessary result, and is not only inconvenient, but grossly unjust; too inconvenient and too unjust to permit us to suppose it to have been the intention of the Legislature. The sale is an act of the law designed to do justice to joint owners, and render estates available."

The learned Judge adds: " Our view of the question is this: The right of dower of the wife subsists in virtue of the seizin of the husband, and this right is always subject to any infirmity, encumbrance or incident which the law attaches to that seizin, either at the time of the marriage or at the time the husband became seized. A liability to be devested by a sale in partition is an incident which the law affixes to the seizin of all joint estates, and the inchoate right of the wife is subject to this incident. And when the law steps in and devests the husband of his seizin, and turns the realty into personalty, she is, by the act and policy of the law, remitted, in lieu of dower in the realty, to her right to a distributive share of the personalty into which it has been transmuted." This reasoning touching the injustice of a different holding, which would make a purchaser answerable for dower when he supposed, and had a right to suppose, he was buying a clear and unencumbered title is unanswerable. It is not necessary for us to hold that a wife who was not a party to the suit, as was the case there, would be bound in this State, and that the purchaser in such case would be protected by the decree and sale; and we do not mean by making the quotation to be understood as so deciding; for, in this case, no marriage had taken place when the decree was passed, and no inchoate right even had attached before the decree was obtained. As a matter of fact, the widow had knowledge of the decree, sale and distribution of the proceeds of sale. So far as the distribution of proceeds of sale was concerned, she was brought in and made a party by the interlocutory petition of her hus-

band's creditors to subject his portion to the payment of his debts. She could, and ought then to have applied for a portion in money in lieu of her dower, and, according to the principles established by *Warren & Twilley's Case,* and the case of *Schley's Lessee,* the appellant ought not to be prejudiced by any error in the distribution, or by her *laches.* If she had been brought in before the sale, all she could have obtained would have been an allowance in money. Therefore, as was decided in *Schley's Lessee Case* respecting the heir, who had not been revived against, it must be held here that the purchaser is protected in his purchase, and with greater reason; for she had full knowledge of the distribution and opportunity to assert her rights then to a portion of the funds, but did not do so. For these reasons we think there was error in the decree of the Circuit Court. The decree will be reversed, with costs, and the bill dismissed.

*Decree reversed, with costs,*
*and bill dismissed.*

(Decided 11th March, 1880.)