Mitchell *vs.* Farrish, *et al.*

Court.   *Boteler and Belt vs. State, &c.,* 7 *G. & J.,* 112; *Welch vs. Davis,* 7 *Gill,* 364; *Chenowith vs. Smith,* 29 *Md.,* 22.

*Appeal dismissed.*

(Decided 13th June, 1888.)

---

SARAH ANN MITCHELL *vs.* WILLIAM F. FARRISH, and others.

*Partition—Inchoate right of Dower—How released or barred— Sec. 99, of Art. 16, of the Code—Tenants in Common—Joint note of Husband and Wife—Act of 1872, ch. 270—Bona fide Purchaser—Statute of Limitations—Laches.*

A sale of land for the purpose of partition under the statute law of Maryland upon that subject, will bar the inchoate right of dower of the wife of one of the tenants in common, and the purchaser will take a clear title to the land.

But in order to bar the wife's claim in such cases, the proceedings, when in equity, must be conducted under and in substantial compliance with the provisions of section 99 of Article 16, of the Code. There must be a bill or petition filed by one or more of the tenants in common seeking partition of the lands; and, before decree for a sale can be passed, it must be made to appear, by proof or other proper proceedings, that the lands cannot be divided without loss or injury to the parties interested.

A mortgagee of the undivided interest of one tenant in common has no right to file a bill for partition under this section of the Code.

An assent to a sale given by a tenant in common in a case where the bill filed by mortgagees did not ask for partition, and there was no proof that the land could not be divided, is a mere voluntary, conventional arrangement, binding upon him, but in nowise affecting his wife's inchoate right of dower.

Mitchell. *vs.* Farrish, *et al.*

Prior to the passage of the Act of 1872, ch. 270, making the wife responsible at law upon notes executed jointly with her husband, a husband and wife executed a note in which they agreed that the wife's right of dower in her husband's real estate should be responsible for the payment of the same, and to confess judgment thereon. Judgment was entered accordingly. HELD:

That the note, having been given prior to the passage of the Act of 1872, and the judgment thereon were, as against the wife, of no effect at law, even as against her separate estate; and in equity the note could not operate as a release of her inchoate right of dower, or as an estoppel upon her in respect to that right.

The wife's inchoate right of dower can only be released by an instrument under seal.

The plea of a *bona fide* purchase for value, without notice, is no defence, even in a Court of equity against a legal claim to dower.

The Statute of Limitations is no bar, and does not in equity apply, to a widow's claim of dower; and a delay of four years and five months after her husband's death, before filing her bill does not constitute laches.

APPEAL from the Circuit Court for Prince George's County, in Equity.

The appeal in this case was taken from a decree dismissing the complainant's bill. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*F. Snowden Hill,* for the appellant.

*William Stanley,* and *C. C. Magruder,* for the appellees.

MILLER, J., delivered the opinion of the Court.

Thomas A. L. Mitchell and his sister, Mrs. Braunstein, were seised in fee as tenants in common of certain land in Prince George's County. Mitchell mar-

ried in November, 1865, and died in November, 1881, leaving the appellant, his widow, surviving him, who has filed the bill in this case for assignment of dower in the real estate of her deceased husband. Marriage, seisin and death of the husband being admitted, the widow's right to dower is established, unless her claim is defeated by some one of the defences set up by the defendants, and these we proceed to consider.

1st. It is first insisted that her claim is barred by a sale of the lands under the decree passed in the equity proceedings set out in the record, which is claimed to be a sale for the purpose of *partition* of the property between the two tenants in common.

There can be no doubt but that a sale for the purpose of partition under our statute law upon that subject, will bar the inchoate right of dower of the wife of one of the co-tenants in common, and that the purchaser will take a clear title to the land. That question was fully considered and decided in *Rowland vs. Prather*, 53 *Md.*, 232. In that case the Court cite and quote with approval the reasoning and language used by the Supreme Court of Ohio in *Weaver vs. Gregg*, 6 *Ohio State Rep.*, 547, where the question arose under a statute of that State similar to our own. "The right of dower of the wife" (say the Court) "subsists in virtue of the seisin of the husband, and this right is always subject to any infirmity, encumbrance, or *incident* which the *law attaches* to that seisin, either at the time of the marriage or at the time the husband became seised. A liability to be divested by a *sale in partition* is an *incident* which the *law affixes* to the seisin of all joint estates, and the inchoate right of the wife is subject to this incident." In other words the right which the *law gives* to every tenant in common to have *partition* of lands held in common, or a sale and distribution of the proceeds, if it appears they cannot be

divided in kind without loss or injury to the parties interested, is a right *paramount* to that of the inchoate dower of the wife of any one of such tenants, and the purchaser acquires a title free from any such claim. Whether in such cases it is necessary to make the wife a party to the proceedings is a question that does not necessarily arise in this case, but we may say that in the Ohio case referred to she was not a party, and upon the reasons given why her right is barred, we see no necessity for making her a party. This question was alluded to, but not decided in *Warren vs. Twilley*, 10 *Md.*, 39, and in *Rowland vs. Prather*. Besides it is to be noted that the words "She being made a party to the proceedings either complainant or defendant" contained in the Act of 1839, ch. 23, referred to in those cases, have not been retained in the Code.

But we think it clear that in order to bar the wife's claim in such cases, the proceedings, when in equity, must be conducted under, and in substantial compliance with, the provisions of sec. 99, Art. 16, of the Code, which gives the Court power to "decree a *partition*" of lands held in common "on the bill or petition" of any tenant in common, "or if it appears that the said lands cannot be divided without loss or injury to the parties interested, the Court may decree a sale thereof, and a division of the money arising from such sale among the parties according to their respective rights." There must be a bill or petition filed by one or more of the tenants in common seeking *partition* of the lands, and before a decree for a sale can be passed it must be made to appear by proof or other proper proceedings that the lands cannot be divided without loss or injury to the parties interested. These, as it seems to us, are essential requirements of the statute.

Now what are the proceedings relied on by the defendants? Without stating them in detail, it appears that

Mrs. Braunstein and her husband had encumbered her undivided interest in this real estate by mortgages, and in 1859 the *mortgagees* filed a bill for a sale of this undivided interest to pay their mortgage debts. On this bill a decree for a sale of this interest was passed, but this decree was subsequently annulled by agreement of counsel. Then in February, 1860, these same *mortgagees* filed an amended bill, in which they charged that Mitchell had an undivided interest in the lands mentioned in their mortgages with Mrs. Braunstein, and that it would be for the advantage of Mitchell and Mrs. Braunstein and her husband, and of the parties interested, that the whole real estate and premises in which they were thus jointly interested, should be sold in order to prevent a sacrifice, and they accordingly pray for a decree for a sale of the whole. Under this amended bill process was issued against Mitchell, but he was never summoned. The case remained in this condition until June, 1866, after Mitchell's marriage, when he voluntarily came in and agreed that the real estate in which he had an interest should be sold under a decree to be passed by the Court, reserving to himself all rights, equities and priorities to the proceeds of sale. A decree for a sale was passed in June, 1867, and it is through the sale made under this decree that the defendants derive their title.

Such are the proceedings and the decree, and it is obvious they entirely fail to meet the requirements of the statute. There was no petition or bill filed by one of the tenants in common nor any proof that the lands could not be divided. A mortgagee of the undivided interest of one tenant in common has no right to file a bill for partition under this section of the Code. He may foreclose his mortgage and have a sale of that interest, but if he couples with that an application for partition his bill is multifarious. *Bell vs.*

*Bowie, et al.*, 65 *Md.*, 350. But more than this, the amended bill does not even ask for partition, and Mitchell's assent to the decree was a mere voluntary conventional arrangement binding upon him, but in nowise affecting his wife's inchoate right of dower. In short, it is needless to add more upon this subject than to say that in our opinion these proceedings, and this decree are wholly insufficient to bar the complainant's claim.

2nd. The second defence is founded on the facts that on the 30th of July, 1866, Mitchell and his wife executed a promissory note to Mr. Stephen for $130, in which they agreed that Mrs. Mitchell's right of dower in her husband's real estate should be responsible for the payment of the same, and to confess judgment upon the same; that judgment was accordingly entered against them on this note on the 7th of August, 1866, and in September, 1867, when the land had been sold under the decree, Stephen filed his petition asking that this judgment be paid out of the proceeds; that Mitchell and wife gave their written consent to this application, and this judgment was allowed out of *Mitchell's share* of the fund.

After a careful consideration of these facts and the law bearing upon them, we do not think they can operate as a bar to this claim for dower. At the time this note was given the Act of 1872, making the wife responsible at law upon notes executed jointly with her husband had not been passed, and therefore the note and judgment thereon were as against the wife of no effect at law even as against her separate estate. Nor do we think that in equity the note could operate as a release of her inchoate right of dower, or as an estoppel upon her in respect to that right. It professes to pledge her " right of dower," but strictly speaking, she had then no *right of dower*, but only an inchoate and

contingent right in case she should survive her husband. The note moreover was not under seal, and in *Reiff vs. Horst, et al.*, 55 *Md.*, 47, this Court has said that the "wife's inchoate right of dower is not such a right as may be bargained and sold. Her deed does not pass any title, but operates only by way of estoppel or release. And any words of release would be as effectual as words of grant." From this it would seem to follow that any release or other instrument which could operate by way of release or estoppel, must be under seal like a mortgage in which she joins, and which operates by way of release or extinguishment of her future right to dower, as against the mortgagee, if she survives her husband, but without impairing her contingent right of dower in the equity of redemption. Nor was her assent to the payment of the judgment out of the funds in Court under seal. In fact the decree under which the land was sold did not direct the sale to be made free of her rights, and she had therefore no interest in these funds, and the judgment was actually paid out of the husband's share of such funds. For these reasons we are of opinion that this defence is untenable.

3rd. In this country the doctrine is well settled that the plea of a *bona fide* purchase for value without notice, is no defence even in a Court of equity against a legal claim to dower. 2 *Scribner on Dower*, 168. This defence therefore is unavailing.

4th. The last defence is that the claim is barred by *laches*. The bill was filed by the widow in June, 1885, about four years and five months after the death of her husband, when her right to dower became consummate. The Statute of Limitations is no bar, and does not in equity apply to a widow's claim of dower; (*Wells vs. Beall*, 5 *Gill & J.*, 468,) and there is no precedent for holding that the lapse of so short a period as has

occurred in this case, constitutes *laches* in respect to such a claim.

We have thus disposed of all the objections to this claim, we deem it necessary to notice, and the result is that the decree dismissing the bill must be reversed and the cause remanded.

> *Decree reversed, and*
> *cause remanded.*

(Decided 13th June, 1888.)