BERNARDO SALVATORE *vs.* GEORGE FUSCELLARO *et al.*

JAMES VONA *vs.* SAME.

MAY 8, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Murdock, J. The above entitled cases are bills in equity for the specific performance of agreements to convey certain real estate or for relief in the alternative. They were heard together in the Superior Court where decrees were entered granting relief and they are here on appeals of the respondents.

In the *Salvatore* case an agreement in writing was entered into on March 13, 1931, between the complainant and respondents by the terms of which the latter agreed to sell and the former agreed to buy lots Nos. 162 and 163 on the "Merchants Realty Plat." On March 16 a similar agreement was made with respect to lots Nos. 55 and 56 on said plat. The agreements were signed "George Fuscellaro and wife by George Fuscellaro" and were to be consummated ninety days from their respective dates. On May 14, 1931, the City of Providence condemned for school purposes thirteen lots belonging to the respondents, including the four lots in question. On June 8 the complainant notified respondents that he was ready to perform his part of said agreements. Owing to the condemnation proceedings, of which complainant was aware, respondents were of course unable to convey and complainant's notice of his readiness to perform was presumably given for prudential reasons. *Nowell* v. *Waterman*, 53 R. I. 16. Respondent George Fuscellaro made a settlement of his claim against the city for the taking of said thirteen lots for $15,246.42.

A stipulation has been signed by the parties in which it is agreed that said settlement was at the rate of 21 cents a square foot. The area of the four lots in question was

24,200 square feet. If the rate of 21 cents per square foot is applied thereto, the compensation for the four lots involved in this suit would be $5,082. The price fixed in the agreement of sale between the parties was $2,300.

The complainant contends that he is entitled to receive the amount paid by the city for said four lots, subject to the respondents' lien for the balance of the purchase price. Respondent George contends that, as he was prevented from carrying out his agreement by reason of the condemnation proceedings, he was discharged from the obligation of his contract.

It is obvious that complainant cannot have specific performance but as he asks for relief in the alternative, relying on the doctrine of equitable conversion, the bill may be entertained on that ground. The vendee in an executory contract for the sale of land becomes the equitable owner of the same, the vendor holding the legal title merely as security for the purchase price. *Cornell-Andrews* v. *Boston & Providence R. R.*, 209 Mass. at 307; *Kuhn* v. *Freeman*, 15 Kan. 423; *Clarke* v. *L. I. Realty Co.*, 126 N. Y. App. Div. 282; 46 A. L. R. 816; 20 C. J. 860.

The initiation of condemnation proceedings with respect to property, subject to an executory contract of sale, does not relieve the vendor from the obligation of his contract. *Clarke* v. *L. I. Realty Co.*, *supra*. The effect of such proceedings is to convert the subject-matter of the contract into a claim for damages for its taking, and the position of the vendee with respect to such damages is the same as it was to the land before its condemnation. To hold otherwise would deprive the vendee of the benefit of his contract as he has no action for breach of the contract for the reason that the inability of the vendor to perform was caused by an act of the sovereign power. Whether the vendee may rescind the contract instead of claiming the damages occasioned by the taking of the land is not before us and we express no opinion on this question. Cf. *Connell* v. *Savings Bank of Newport*, 47 R. I. 60 and *Reife* v. *Osmers*, 252 N. Y. 320.

274

The respondents rely upon *Allyn* v. *Prov., Warren & Bristol R. R. Co.*, 4 R. I. 457 and *In re Southern New England R. R. Co.*, 39 R. I. 468. These cases are distinguishable from the instant case by the fact that there was no executory contract of sale involved, and deeds to the land were given after condemnation.

Maria Fuscellaro denied that her husband had authority to sign the contract of sale on her behalf. Although the trial justice made no direct finding on this question, a finding of lack of such authority was implied in the decision.

The respondent Maria contends that the decree is against the law in that there is no provision therein protecting her dower interest in the premises.

By the clear weight of authority a wife, although she has an inchoate right of dower in her husband's real estate, is not a necessary party in condemnation proceedings instituted and completed in her husband's lifetime and is not entitled to any part of the proceeds. It is an incident of land that it is liable to be taken for public uses and the owner is the only one protected by the constitutional provision that compensation must be made when land is so taken. The inchoate right of dower is too uncertain to admit of compensation in condemnation proceedings. The husband is the owner of the fee and as such is entitled to the compensation due for its taking. *Flynn* v. *Flynn*, 171 Mass. 312; *Moore* v. *Mayor*, 8 N. Y. 110; *French* v. *Lord*, 69 Me. 537; Mills on Eminent Domain, 2nd ed. § 71; Nichols on Eminent Domain, 2nd ed. p. 346; 5 A. L. R. 1347; 18 L. R. A. 68.

There is no merit in respondents' contention that the complainant has not proved his right to the amount given him by the decree. We are of the opinion that this question was settled by the stipulation above referred to. If this were not the intention of the parties, we can see no other reason why the stipulation was entered into. Complainant is not seeking damages for breach of contract but for the payment to him of that part of said sum of $15,246.42

which represents the value of the four lots in question. As the respondent George settled with the city for the thirteen lots taken without making a separate settlement for the four lots involved in this suit, it was incumbent upon him— if such were the fact—to show that said lots were of less value than the other eleven lots involved in the condemnation proceedings.

In the *Vona* case the contract was for the purchase and sale of lots Nos. 69, 134, 141 and 151 on said Merchants Realty Plat. The trial justice found that lot No. 134 did not belong to the respondents and was included in the contract of sale by mistake. Lot No. 141 was not condemned. The complainant declined to accept a deed to this lot subject to the dower right of the wife of the respondent George Fuscellaro and relief was denied as to this lot. Lots Nos. 69 and 151 were among the thirteen lots referred to in the previous case and the complainant was given the same relief as to these lots as was given to the complainant in that case.

In each case the appeal of the respondents is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Robinson & Robinson, Joseph E. Adelson,* for complainants.
*Dooley, Jackvony, Curran & Dunn,* for respondents.