In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title to Real Property Required for Opening Cropsey Avenue in the Borough of Brooklyn.

ANNA SEMKEN, Appellant; FREDERICK SEMKEN, Respondent.

(Argued May 20, 1935; decided July 11, 1935.)

*John J. Kirby* and *James H. Gilvarry* for appellant.
In proceedings to condemn real property by eminent
domain, the inchoate right of dower of the wife of the
owner of the fee in said real property must be recognized
and protected in the proceedings as against her husband
and her interest in the award will be preserved to her.
(*Byrnes* v. *Owen,* 243 N. Y. 211; *Matter of Trustees of
New York & Brooklyn Bridge,* 75 Hun, 558; 143 N. Y.
640; 89 Hun, 219; *Clifford* v. *Kampfe,* 147 N. Y. 383;
*Simar* v. *Canaday,* 53 N. Y. 298; *Utter* v. *Richmond,*
112 N. Y. 610; *Wheeler* v. *Kirtland,* 27 N. J. Eq. 534;
*Matter of Central Park Extension,* 16 Abb. Pr. 56; *Mutual
Life Ins. Co.* v. *Shipman,* 119 N. Y. 324; *Mac Kenna* v.
*Fidelity Trust Co.,* 184 N. Y. 411; *Emigrant Industrial
Bank* v. *Regan,* 41 App. Div. 423; *Merchants Bank* v.
*Thomson,* 55 N. Y. 7; *Garlick* v. *Strong,* 3 Paige, 440;
*Menelky* v. *Melen,* 198 App. Div. 66; *Matter of Eno,*
196 App. Div. 131.) The amount directed by the Special
Term to be invested to protect appellant's inchoate right
of dower is the proper amount required, and any less
amount would be inadequate. (*Mott* v. *Palmer,* 1 N. Y.

564; *Stokes* v. *Stokes,* 119 Misc. Rep. 168; 206 App. Div. 743; *Richardson* v. *Harms,* 11 Misc. Rep. 254; *Hamm* v. *Butler,* 112 So. Rep. 141; *Smith* v. *Stanley,* 37 Me. 11.)

*Frank W. Holmes* for respondent. When the city condemned a portion of respondent's land for public use, it extinguished his wife's inchoate dower right in that portion. (*Matter of the City of Rochester* v. *Holden,* 224 N. Y. 386; *People* v. *Mayor,* 32 Barb. 102; *People* v. *Adirondack Ry. Co.,* 160 N. Y. 225; *Woodward-Brown R. Co.* v. *City of New York,* 235 N. Y. 278; *Spears* v. *Mayor,* 87 N. Y. 359; *Ferry* v. *Spokane, P. & R. Ry. Co.,* 258 U. S. 314; *Randall* v. *Kreiger,* 23 Wall. 137; *Hammond* v. *Pennock,* 61 N. Y. 145; *Witthaus* v. *Schack,* 105 N. Y. 332; *Bennett* v. *Bennett,* 318 Ill. 193; *N. Y. C. & H. R. R. R. Co.* v. *Cottle,* 187 App. Div. 131; *Matter of Seventh Ave.,* 59 App. Div. 175; *Van Loan* v. *City of New York,* 105 App. Div. 572; *King* v. *City of New York,* 102 N. Y. 171; *Matter of Trinity Ave.,* 116 App. Div. 252; *Wendel* v. *Benninger,* 132 App. Div. 785.) Appellant's inchoate dower right does not in any event entitle her to have the benefit of the award for the improvements. (*Melenky* v. *Mellen,* 233 N. Y. 19; *Phelps* v. *Phelps,* 143 N. Y. 197; *Westcott* v. *Campbell,* 11 R. I. 378; *Thompson* v. *Morrow,* 5 Serg. & R. 289; *Powell* v. *Monson & B. Mfg. Co.,* 3 Mason, 347; *Rumsey* v. *Sullivan,* 166 App. Div. 246; *Sidway* v. *Sidway,* 52 Hun, 222; *Emrich* v. *Emrich,* 129 App. Div. 557; *Blesch* v. *Wood,* 344 Ill. 153; *Sanders* v. *McMillan,* 98 Ala. 144; *Allen* v. *McCoy,* 8 Ohio, 14; *McClanahan* v. *Porter,* 10 Mo. 746.)

O'BRIEN, J. The respondent and appellant are husband and wife. Frederick Semken was the owner of real estate acquired by the city of New York in a condemnation proceeding. His wife Anna had an inchoate right of dower in this realty. For six damage parcels, including the land and improvements, the sum of $53,258 was awarded to Frederick. With interest to Novem-

ber 19, 1934, this amounts to $68,432.54. The Comptroller paid Frederick $50,762.24 and deposited $17,670.30 with the City Chamberlin to Frederick's credit. The husband petitioned for an order directing the Chamberlain to pay this balance to him and the wife opposed his motion and asked for an order directing that the Chamberlain retain and invest the $17,670.30 during the lifetime of the husband and that her inchoate right of dower in the property condemned and in the proceeds be recognized and protected. Her theory is that this sum represents her inchoate right of dower in the award for the realty condemned. The Special Term denied the husband's motion and directed the Chamberlain to invest this sum and to pay the income to the husband during his life and thereafter to his wife, if she survives, during her life. The Appellate Division reversed that order and granted the husband's motion.

The damages awarded take the place of the land and the fund thus created becomes a substitute for the real property taken. ( *Utter* v. *Richmond*, 112 N. Y. 610, 613.) Although an inchoate right of dower does not amount to an estate or title or interest in the land but constitutes a contingent claim as an institution of the law (*Witthaus* v. *Schack*, 105 N. Y. 332, 336), nevertheless the wife has an interest which attaches to the land as soon as there is a concurrence of dower and seizin and this valuable, subsisting, separate and distinct interest is entitled to protection. (*Clifford* v. *Kampfe*, 147 N. Y. 383, 385, 386.) In recent years this court has again pronounced the right of dower to be among the most highly and widely cherished property rights resulting from marriage and has held that the protective attitude of the courts extends to this right even when it is no more than inchoate. (*Byrnes* v. *Owen*, 243 N. Y. 211, 216.)

As between the holder of an inchoate right of dower and the sovereign or its delegate exercising the power of eminent domain, the wife is divested of her interest when

payment is made to the owner of the fee (*Moore* v. *Mayor, etc., of New York,* 8 N. Y. 110), but, except as to the sovereign or its delegate, her right will be preserved. (*Simar* v. *Canaday,* 53 N. Y. 298, 304; *Mackenna* v. *Fidelity Trust Co.,* 184 N. Y. 411, 415; *Matter of Trustees of New York & Brooklyn Bridge,* 75 Hun, 558; *Wheeler, Green & Whitney* v. *Kirtland,* 27 N. J. Eq. 534.) Doubtless, as between the public and the wife, an owner of real estate may also dedicate it for a public use but, except as to the government, the wife's subsisting interest is preserved from destruction until such a time as she releases it by joining in a deed or it is forfeited by her own adultery or is abolished by statute.

While the order at Special Term in its main features conforms with the general principle of the law relating to inchoate right of dower, as between husband and wife, the amount on deposit, $17,670.30, as calculated by the Comptroller, includes one-third of the award, less the liens, and also one-third of the accrued interest on the award.

The order of the Appellate Division should be reversed, with costs in the Appellate Division and in this court, and the proceeding remitted to the Special Term for modification of its order by ascertaining the value of appellant's dower right by excluding participation by her in the interest on the award.

CRANE, Ch. J., HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur; LEHMAN, J., dissents.

Ordered accordingly.