**UNITED STATES v. CERTAIN PARCELS
OF LAND IN CITY OF ANNAPOLIS,
ANNE ARUNDEL COUNTY, MD.**

No. 1401.

District Court, D. Maryland.

Aug. 28, 1942.

Wilmer H. Driver, Sp. Asst. to Atty. Gen., of Baltimore, Md., for the Government.

J. Britain Winter, of Baltimore, Md., for Vaia Lucas.

Basil A. Thomas, of Baltimore, Md., for James Pistolas and Marcus J. Lucas.

CHESNUT, District Judge.

In this federal land condemnation case the question presently arising is whether a wife is entitled to compensation, out of the damages awarded for the taking of her husband's real estate, for destruction of her *inchoate right of dower* therein.

Although the existence of this question has been implicit in very many of the recent condemnation cases in this court, it has never heretofore been presented for decision because the uniform prior practice has been, in distributing the damages awarded for the taking of the husband's land, and deposited in court by the Government, to make the clerk's check therefor payable to the joint order of the husband and wife, and no question has heretofore arisen between them with respect to the actual disposition of the proceeds of the check.

In the present instance the question arises with respect to parcel 27 included in the above condemnation case. The ti- tle to parcel 27 is in James Pistolas and Marcus J. Lucas as tenants in common in fee simple. They are both Greeks who have been naturalized as American citizens. Both are married, the wife of Pistolas living here but the wife of Lucas, Vaia Lucas, is now and has been since 1938 resident in Greece. In this case, as in all prior cases in this court involving condemnation of lands owned by a husband, there is no dispute as to the distribution of the damages between James Pistolas and his wife; but a complication has arisen as between Lucas and his wife who is now in Greece. Before leaving this country Vaia Lucas gave to her husband a very broad power of attorney to act for her in all property matters. In accordance therewith, when this condemnation suit was instituted, he employed counsel to represent her as well as himself in this proceeding, and the attorney filed an answer for them both, without then noting any possible adverse interest between them, which only subsequently came to attention when it was learned that a Treasury Regulation, occasioned by the existing state of war, has been construed to prohibit receipt by the husband of any moneys payable to him as her agent under the power of attorney. Therefore, if the wife is entitled to be individually compensated from the fund now in court, it will be necessary to hold that portion of the fund distributable to her for an indefinite period, as under the regulations it could not now be transmitted to her in Greece. Furthermore, the husband insists he is entitled to have the whole fund distributed to him personally and is in special need thereof because the property belonging to him until taken by the government was used by him in his business of a restaurant keeper, and until he can receive the damages awarded he is financially unable to acquire a new business elsewhere; and he says that he needs the whole of the sum awarded for the taking of his land and property for the acquisition of a new business.

On July 31, 1942 Pistolas and Lucas filed a petition reciting that they had agreed with counsel for the United States that the award for the taking of their land should be the sum of $14,900, and praying that the whole sum should be awarded to them because, as they averred, their respective wives were not entitled to any share of said sum by reason of their inchoate dower. On August 14, 1942, the United

States filed an answer admitting that at the time of taking by the United States, title to said land was vested in the petitioners as tenants in common and was subject to no liens, encumbrances, or taxes of any description, and also admitting that the amount of damages had been agreed upon in the amount of $14,900, but, with respect to the request for payment without compensation to the wives of the petitioners, the answer took the position that the question was one of distribution, for the decision of this court, and, the "United States of America, therefore, takes no position as to whether or not the respective wives of James Pistolas and Marcus J. Lucas have an inchoate dower right in the property condemned or whether or not said respective wives, by virtue of said inchoate dower right, are entitled to share in the distribution of the agreed upon sum representing full and just compensation for the taking of the land aforesaid." At the recent hearing on the petition and answer, the court suggested that, as there was an apparent conflict between the interests of Lucas and his wife, she should be represented by independent counsel; and pursuant thereto independent counsel has appeared in the case for the wife and counsel for both parties have submitted carefully prepared briefs in support of their respective contentions.

The particular question now presented has never been expressly decided by the Court of Appeals of Maryland, and in two nisi prius state court decisions the respective judges expressed contrary views on the point. The precise question has, however, been diversely decided in a number of other states, the majority view holding that the wife is not entitled to be compensated for the destruction of her inchoate dower right where lands belonging to the husband have been taken in condemnation proceedings. Both the majority and minority views upon the subject can be found discussed by the leading text writers who in general reflect the majority view. Tiffany, Real Property, 3d ed., § 533; Mills on Eminent Domain, 2d ed., par. 71; Nichols on Eminent Domain, 2d ed., p. 346; Lewis on Eminent Domain, 3d ed., § 522; Scribner on Dower, 2d ed. Vol. I, c. 27, and Vol. 2, c. I. In 28 C.J.S., Dower, § 14(d) the majority view is thus summarized: "Dower exists in the fund resulting from land taken by eminent domain proceeding after death of the husband, but not

as to the proceeds of land taken in his lifetime, although inchoate dower therein is sometimes preserved." Flynn v. Flynn, 171 Mass. 312, 50 N.E. 650, 42 L.R.A. 98, 68 Am.St.Rep. 427; Briegel v. Briegel, 307 Pa. 93, 160 A. 581; Long v. Long, 99 Ohio St. 330, 124 N.E. 161, 5 A.L.R. 1343; Salvatore v. Fuscellaro, 53 R.I. 271, 166 A. 26; Caldwell v. City of Ottumwa, 198 Iowa 666, 200 N.W. 336; French v. Lord, 69 Me. 537; Chouteau v. Missouri Pac. Ry. Co., 122 Mo. 375, 22 S.W. 458, are some of the cases which take the majority view, while Wheeler v. Kirtland, 27 N.J.Eq. 534, and In re Cropsey Avenue, 268 N.Y. 183, 197 N.E. 189, 101 A.L.R. 694, are the leading exponents of the minority view. See, also, annotated cases in 5 A.L.R. 1347, and 34 A.L.R. 1021.

The legal philosophy underlying the majority view is succinctly expressed in a note in Vol. 4, Fordham Law Review, 506—"The majority of cases dealing with the question have reasoned that throughout history public interest has required that dower be extinguished when land is taken by right of eminent domain, and that this is particularly true of inchoate dower since it is, at best, a contingent claim incapable of present valuation. Inasmuch as it does not rise to the dignity of a vested property interest, runs the argument, it is outside the pale of constitutional mandate that property shall not be taken without due process of law." For the other view, the note says: "The minority view preserves the wife's interest by awaiting the happening of the contingency; the majority view destroys it by completely ignoring the possibility of her survivorship. The law which has considered inchoate dower to be an encumbrance affecting the marketability of title, to be good consideration for a promise, to be an interest entitling the wife to follow the surplus moneys of a foreclosure sale, or to redeem from a mortgage, should not find it difficult to impress the wife's inchoate dower on the proceeds of property fortuitously appropriated to the public use."

An examination of the opposing views reveals much both of law and logic in support of each; but, interesting as the discussion is on principle, the question here presented must be decided on the Maryland statutory and case law so far as the conclusion can be derived therefrom in the absence of an express decision on the point. Ferry v. Spokane, P. & S. R.

Co., 258 U.S. 314, 320, 42 S.Ct. 358, 66 L. Ed. 635, 20 A.L.R. 1326; and this irrespective of Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

We must first notice various statutory provisions in Maryland, although they are not conclusive. The Maryland Code (1939) Art. 33A, § 1, provides that in condemnation cases the petition shall be filed "against the owner or owners thereof, and the husbands and wives of married owners." This, however, is only a procedural provision. Article 45, § 6, defines dower as follows: "A widow shall be entitled to dower in lands held by equitable as well as legal title in the husband at any time during the coverture, whether held by him at the time of his death or not, but such right of dower shall not operate to the prejudice of any claim for the purchase money of such lands, or other lien on same." Dower is a common law right of a surviving wife to a life estate in one-third of the inheritable real estate owned by her husband. Prior to the death of the husband the wife's dower interest is said to be *inchoate,* and after his death it becomes *consummate.* The Maryland Code, Art. 16, § 48, provides: "In all cases where lands and tenements are to be sold under a decree, and the widow who is entitled to dower in such lands will consent in writing to the sale of the entire estate therein, the court shall order the same to be sold free from any claim of dower, and allow the widow such portion of the net proceeds of sale as may be just and equitable, not exceeding one-seventh nor less than one-tenth, according to the age, health and condition of such widow". (See also Art. 93, § 328.) But these sections refer only to consummate dower. Sales for partition afford some analogy to condemnation proceedings. Section 49 of Article 16 provides: "In all suits by joint owners to sell lands, the court may decree a sale free from the claim of dower by the wife of any of the parties". Section 159 prescribes the procedure where the lands are sold for purposes of partition and provides that the court shall decree "a division of the money arising from such sale among the parties, according to their respective rights." In such a proceeding it is the general practice to join the wives of landowners, but there have been some indications that dower will be barred even though the wife is not made a party. See Mitchell v. Farrish, 69 Md. 235, 238, 14 A. 712; Rowland v. Prather, 53 Md. 232, 240; Warren v. Twilley, 10 Md. 39, 50. It may be significant that it seems not to have been the practice to award any portion of the sales price to the wife of a living husband in such cases.

As the Maryland statutory law does not furnish the answer to our problem, it is necessary to deduce the proper principle from the decisions of the Court of Appeals. No Maryland partition or condemnation case has been found where an award for inchoate dower has actually been made. In two early Maryland partition cases, Warren v. Twilley, 10 Md. 39, 50, and Rowland v. Prather, 53 Md. 232, it was intimated that such an allowance might possibly be made in a proper case; but the most significant Maryland decision is Reiff v. Horst, 55 Md. 42, 47, 49. In that case the wife by agreement had released her inchoate dower in certain lands for a stipulated consideration. The court enforced the agreement but, in discussing the general question of compensation for inchoate dower, it was said:

"The interest of the wife in her husband's real estate is *inchoate only* during his life, it requires the husband's death to occur before it becomes a vested right. As this Court defines it in Buchanan v. Deshon, 1 Har. & G. 280, 'she has no vested right, it is altogether contingent, depending upon her surviving her husband.' In Hawley v. Bradford, 9 Paige, [200], 201 [37 Am. Dec. 390], the Chancellor says: 'Strictly speaking, the wife has no interest or estate in the lands of her husband *during his life,* which is capable of being mortgaged or pledged for the payment of his debt. Her joining in a mortgage therefore merely operates by way of release or extinguishment of her future dower as against the *mortgagor,* if she survives her husband, but without impairing her contingent right of dower in the equity of redemption. If the mortgage be foreclosed in the life-time of the husband, she has no claim on the surplus proceeds of sale; but if her husband be dead when foreclosure takes place her dower right in the equity of redemption having then become consummate, she would be endowed of the surplus proceeds.' 1 Scribner on Dower, 478; [Titus v. Neilson], 5 Johns. Ch. 452. In the last cited case, Chancellor Kent says, it is very clear this is the law. It results from these authorities that the wife's inchoate

right is not such a right as may be bargained and sold. Her deed does not pass any title. It operates only by way of estoppel or release. And any words of release would be as effectual as words of grant. She cannot convey it to a stranger. It is only released to the owner of the fee. * * * *Regarding her right, as the law does, during the husband's life, as having no present value, as it is not the subject of sale, but only of release to the owner of the fee, we have no scale or standard for ascertaining its present worth.*" (Italics supplied.)

I have not been able to find that this view of the nature of inchoate dower as expressed by the Maryland Court of Appeals in Reiff v. Horst, has been subsequently modified in any way. It was cited with approval in the recent case of Roth v. Roth, 144 Md. 553, 555, 125 A. 400. In Hopkins v. Magruder, D.C.Md., 34 F.Supp. 381, Judge Coleman, in applying the federal gift tax statute, Revenue Act 1932, § 501, as amended, 26 U.S.C.A. Int.Rev.Acts, page 580, held that where a husband made a deed of gift to his wife of certain real estate, no deduction from the whole value thereof could be made on account of her inchoate dower for the computation of the tax. After stating the nature of inchoate dower in Maryland (34 F.Supp. page 383) he said, at page 384 of 34 F.Supp.: "In short, we are being asked to place a value upon something, the present worth of which the Court of Appeals of Maryland has said can be ascertained by no scale or standard. Reiff v. Horst, 55 Md. 42."

In B. and O. R. R. Co. v. Smith, in the Superior Court of Baltimore City, (1890) 1 Baltimore City Courts Reports, pp. 99–101, Chief Judge Henry D. Harlan gave careful consideration to the particular question here involved. In that case land was being condemned by the B. and O. R. R. Co., but the jury's award of damages made no allowance for the inchoate dower of a Mrs. Taylor. Exception was filed to confirmation of the inquisition on this ground. In overruling the exception Judge Harlan quoted from Mills on Eminent Domain, § 71, to the effect that the inchoate right of dower is not such an interest as is capable of assessment, and also from Reiff v. Horst, 55 Md. 42, 47, and concluded his opinion on the point by saying: "In view of the weight of the authorities and these expressions of the Court of Appeals I am led to the conclusion that the inquisition ought not to be disturbed because the whole of the value of the rent incident to the reversion in fee was assessed to the husband." But in B. and O. R. R. Co. v. Textor in the Baltimore City Court (1905) 2 Baltimore City Courts Reports, Judge Stockbridge, in dealing with a similar situation, seems to have reached a different conclusion. After reviewing some of the cases in other States, he said: "As it has not been in its concrete form directly passed upon in this State, therefore I do not deem that I would be justified in holding the wife to be an improper party to the proceeding, but that inchoate right is a matter for estimation of value by the jury; it may be a nominal value of $1, at the same time it is a right the jury must take into consideration, and in any apportionment for damages make their estimate of it." Apparently neither Judge Harlan's prior contrary opinion nor the Maryland case of Reiff v. Horst was brought to the attention of Judge Stockbridge.

It will thus be noted that the view of the Maryland Court of Appeals as to inchoate dower is that it has no present value and there is no scale or standard for ascertaining its present worth. Viewed on principle apart from the authority of Reiff v. Horst, and similar cases in other jurisdictions, there would seem to be no insuperable difficulty in determining the value of the wife's inchoate dower, although in the comparatively few cases in other jurisdictions where an allowance has been made to her, the method applied in determining the value has not been uniform. In Share v. Trickle, 183 Wis. 1, 197 N.W. 329, 332, 34 A.L.R. 1016, the rule applied was "to ascertain the present value of an annuity for the life of the wife equal to the interest in a third of the proceeds of the estate to which the right attaches, and deduct from it the value of a similar annuity dependent upon the joint lives of herself and husband." And this rule was also approved in American Blower Co. v. Mackenzie, 197 N.C. 152, 156, 147 S.E. 829, 64 A.L.R. 1047, and Parsons v. Liuza, 205 Ala. 206, 87 So. 801. In Matter of City of New York, Cropsey Ave., 268 N.Y. 183, 197 N.E. 189, 101 A.L.R. 694, the method adopted was to invest one-third of the damages with provision for payment of the income thereon to the husband during the joint lives of himself and his wife, and if she survived him, then the income to be paid to her for her life. See, also, cases

annotated in 34 A.L.R. 1021 as to other methods of valuation of inchoate dower; and notes in 80 Penn.Law Rev. 749, and 19 Columbia Law Rev. 492. There is much to be said in favor of protecting the wife's inchoate dower which, in some cases, may be of very great actual value, as in the possible case of a very young wife and a very old husband whose valuable land is condemned. And in this connection we may bear in mind that generally dower has always been a favorite of the law and the widow's interest therein equitably protected. Even as to inchoate dower the law in many cases furnishes such protection. Thus the husband may not defeat it by a voluntary conveyance in which the wife does not join. And it is not subject to the claims of her husband's creditors, and will not be defeated by a sale by his trustee in bankruptcy. To this extent at least it is regarded as a valuable property right. In re Macklem, D.C.Md., 28 F.2d 417; Tiffany, Real Property, Vol. 2, § 533, pp. 422–424; Duncan v. Johnson, 4 Cir., 123 F.2d 392, 394; Kelly v. Minor, 4 Cir., 252 F. 115. The fact that the property in this case was held by the husbands as tenants in common did not preclude the attachment of the inchoate dower of the respective wives. Chew v. Chew, 1 Md. 163.

However, in this case the problem of this court is to determine what the state law is, not what it ought to be; Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 497, 61 S.Ct. 1020, 85 L.Ed. 1477; although in doing so we must not merely speculate as to what the Maryland Court of Appeals would decide. Powell v. Maryland Trust Co., 4 Cir., 125 F.2d 260. I conclude that the expression in Reiff v. Horst, supra, as to the impossibility of valuing inchoate dower, must be regarded as the controlling principle to be followed in this case. While it did not deal with the distribution of damages in a condemnation case, the court does definitely say that inchoate dower cannot be valued, and this expressed view has not been modified in any subsequent Maryland decision. Even if it could be held that under Maryland law the wife's inchoate dower interest should be protected as against the husband in the distribution of the damages, it would still be necessary to apply the Maryland rule in determining the monetary value of her interest. By that rule, as stated in Reiff v. Horst, it has no ascertainable value. I therefore conclude that no allowance can properly be made to the respective wives of Pistolas and Lucas.

In considering the question I have not overlooked the possibility that the subject matter might be affected by the federal law applicable to these condemnation cases. The fundamental law is the provision in the Fifth Amendment, "nor shall private property be taken for public use, without just compensation". Assuming that inchoate dower can be regarded as an item of private property in this constitutional provision, we still have the problem of determining what is just compensation which, as has so often been declared in these condemnation cases, is to be measured by the fair market value of the property. Obviously inchoate dower has no easily ascertainable fair market value. But more importantly in the instant case, we must look to the state law to determine the nature of the property interest which is condemned. And here we again run into the judicial announcement in Reiff v. Horst, supra, that the nature of the property interest is such that it has no ascertainable value.

The applicable procedure for this particular federal condemnation case is prescribed by 40 U.S.C.A. §§ 257, 258 and 258a. Section 258 provides in substance that the procedure shall be in accordance with the authorized state court procedure in similar cases. The Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, do not apply to condemnation cases except on appeal. Rule 81(a) (7). Reference has been above made to the Maryland procedural provision in condemnation cases that husbands and wives of interested property owners shall be made parties. It was suggested in argument that this procedural provision implies that the interests of wives, such for instance as inchoate dower, should be protected in the distribution of damages. While this argument has some weight it is not sufficient to overcome the substantive rule of law announced in Reiff v. Horst.

Section 258a to some extent modifies the usual state court procedure. Its effect in Maryland condemnation cases was rather fully considered and stated in a recent case in this court. United States of America v. Certain Parcels of Land in Prince George's County, Maryland, D.C., 40 F.Supp. 436. With respect to distribution of the fund deposited in court, sec-

tion 258a provides that "upon the application of the parties in interest, the court may order that the money deposited in the court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in said proceeding. * * * The court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable." But here again there seems to be nothing in the statute to affect the substantive rights of the parties which must be determined by the applicable state law. The inchoate dower of the wives did not constitute a lien upon the property, nor was it a vested interest or estate of any nature. Tiffany, Real Property, 3d ed., § 533, p. 423.

Counsel may submit the appropriate orders in due course.